## SAM SELLERS AND CHAMP MANSFIELD V. THE STATE.

No. 689.   Decided October 12, 1910.

Rehearing Denied February 15, 1911.

**1.—Assault to Murder—Identification—Insufficiency of the Evidence.**

Where, upon appeal from a conviction of assault to murder, the record disclosed that there was no such identification of one of the appellants, or such connection shown of him with the commission of the crime as to justify a conviction, the cause will be reversed as to him, and the appeal considered as to the other appellant, against whom the evidence sustains the conviction.

**2.—Same—Charge of Court—Two Defendants—Separate Rights.**

Where, upon trial of assault with intent to murder of two defendants, the court submitted a charge defining the offense and applying the law to the facts, and instructed also on manslaughter, using the plural, and then instructed the jury that they might find both of the defendants guilty or acquit both, or convict one and acquit the other, there was no merit in the objection that the charge did not sufficiently protect the separate rights of each of the defendants.

**3.—Same—Charge of Court—Weight of Evidence.**

Where, upon trial of assault with intent to murder, the court's charge contained an express reservation of the jury's province to try the facts, there was no merit in the contention that the charge assumed that the facts were proven.

**4.—Same—Charge of Court—Circumstantial Evidence.**

Where, upon trial of assault to murder, the testimony against the defendant was of a positive nature and character, there was no error in the court's failure to charge on circumstantial evidence.

**5.—Same—Evidence—Interpreter—Discretion of Court,**

Where, upon trial of assault to murder, there was no objection to the State's witness acting as interpreter; and there was no abuse of discretion or injury shown to the defendant, there was no error.

**6.—Same—Newly Discovered Evidence—Want of Diligence,**

Where the motion for new trial on account of newly discovered testimony did not show any diligence on the part of the defendant to secure this testimony on the trial, the same was correctly overruled.

**7.—Same—Jury and Jury Law—Practice on Appeal—Affidavits.**

Where, upon appeal from a conviction of assault with intent to murder, it appeared that no complaint was made in the court below in the selection of the jury, it was too late to raise this question on appeal; and the appellate court does not consider ex parte affidavits with reference to this matter.

Appeal from the District Court of Jefferson.   Tried below before the Hon. W. H. Pope.

Appeal from a conviction of assault with intent to murder; penalty, seven years imprisonment in the penitentiary against each defendant. The opinion states the case.

*B. E. Moore,* for appellants.

*C. E. Lane,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—This case comes to us in rather a singular condition. The appellants were jointly indicted charged with assault with intent to murder upon Alex Brown and John Orby and the case throughout was submitted as for an assault upon both the parties named. The statement of facts is in considerable confusion. We gather that there must have been another trial of probably one Prater to which the witnesses frequently refer. There is direct testimony that the appellant Sellers with a knife seriously cut and stabbed Brown, and before he did so that he said, "Let me kill that man," and then struck him. This is deposed by one Petee Capo. Brown himself does not seem to have known just who did cut him. Mansfield is not identified by name by anyone as having been present. The testimony speaks of "a fellow with black mustache," and again as "a tall fellow," and again "of that fellow in his shirt sleeves," but nowhere, as we gather from the statement of facts, is there such identification of Mansfield or such connection shown, as we think would justify us in the state of the record, in affirming the judgment as to him and the judgment of conviction as to Mansfield will be reversed on the facts.

The testimony of the witnesses, if believed, as to Sellers is sufficient to make out a case and we will proceed to discuss the questions raised by the record as grounds for reversal.

1. The fourth ground of the motion is that the court erred in the following portion of his charge: "If from the evidence you are satisfied beyond a reasonable doubt that the defendants, Sam Sellers and Champ Mansfield, on or about the time charged in the indictment, etc.," because said charge did not authorize the jury to believe that one or the other committed the assault and one or the other did not commit the assault and made the conviction of both or the acquittal of both depend on what the jury might believe one of defendants did, and again in the same part of said charge the court gave the following: "That said assault was not made under the immediate influence of sudden passion, produced by an adequate cause, or not in defense of themselves, because the jury should have been told that one of defendants might have made the assault under the conditions named above while the other defendant might not have done so, and the jury should have been told as much in plain charge." As to the first criticism of the court's charge, if the paragraph referred to were read alone, there might be some merit in it,

but in another paragraph the court charged the jury as follows: "You may find both of defendants guilty or you may acquit both or you may convict one and acquit the other and write your verdict in accordance with your finding." Again, the court charged the jury as follows: "If the defendant, Sam Sellers, made the assault, but Champ Mansfield was present, and knowing the unlawful purpose of the said Sellers encouraged him by words, acts or conduct in the commission of same (if he did commit it), then he would be principal in the crime and the law would hold him guilty." The last criticism of the charge complained of in the paragraph of the motion above quoted is also claimed to be erroneous in that the jury should have been told that one of the defendants might have made the assault under the conditions named above, while the other might not have done so. This criticism is answered in what we have said above.

2. Again, counsel complain of the following portion of the court's charge: "If the defendant, Sam Sellers, made the assault, but Champ Mansfield was present, and knowing the unlawful purpose of the said Sellers encouraged him by words, acts or conduct in the commission of same (if he did commit it), then he would be a principal in the crime and the law would hold him guilty." This is alleged to be erroneous because it assumed that Sam Sellers had made the assault and because it was tantamount to telling the jury that Sellers made the assault and should be convicted without regard to whether he made the assault with malice or to commit murder or whether he made same when his mind at the time was inflamed, angered and enraged with sudden resentment, and because there was no evidence that Mansfield was even present during the difficulty and no evidence that he said anything, did anything, or that he knew an assault had or was about to be made, or that he knew the purpose of any assault by Sellers or any other person. Since the case is to be reversed in any event as to Mansfield it is unnecessary to determine whether he could complain of this charge. The complaints of same insofar as they could affect the case of Sellers are not well taken. It contains an express reservation of fact for the jury to find as to whether in fact Sellers did commit the assault, and in other portions of the court's charge it was submitted as an issue of fact to be found by the jury as to whether, if guilty at all, he was guilty of assault with intent to murder or aggravated assault.

3. Again, it is complained that the court should have given a charge on circumstantial evidence. As to the appellant Sellers, there can be no merit in this contention since one of the witnesses testified positively that he struck and wounded the witness Brown.

4. Again, a new trial was sought on the ground that Alex Brown, who pretended to interpret the testimony of the witnesses in the case, did not properly and fairly interpret the testimony and that such interpretation was untrue, unjust, unfair and prejudicial to defendants and was incorrectly, purposely and wrongfully interpreted;

that Alex Brown is and was one of the alleged injured parties with whom appellants were charged with assaulting, and he does not understand or is he acquainted with any of the languages of any of the witnesses who testified against appellants except that of John Orby, the other alleged injured party. This motion is supported by the affidavit of Brown in which he says in substance as follows: "All the witnesses who I interpreted for on the trials of Prater, Sellers and Mansfield were Greeks, I think, except John Orby, and I do not understand their language much. I did not understand them when they were testifying on the trials of the negroes except Orby's much." There was no objection on the trial to this witness acting as interpreter. Ordinarily, we should think it bad policy to permit one occupying the position which Brown does in the case to act as an interpreter, and yet in the absence of any proof to the contrary, or any exception taken at the time, we must assume that the court below was either under the necessity of availing himself of the offices of Brown as interpreter, or possessed such clear and convincing proof of his reliability as to make it clear that he was not subject, on account of his relation to the case, to serious objection. This was a matter occurring during the trial and a matter wisely confided to the discretion of the trial court and a matter for which we ought not to reverse the case unless, on the facts shown in connection with such action, an abuse of this discretion was shown. It will be observed further that he says that all the witnesses for whom he interpreted on the trials of Prater, Sellers and Mansfield were Greeks except John Orby. Who the witnesses were for whom he interpreted in *this* case the record does not show. An inspection of the statement of facts shows that in this case, for the State, there was adduced the testimony of Alex Brown and Pedee Capo, both of whom testified on direct and cross-examination that Alex Brown had been called and further cross-examined by appellant and that John Orby had begun his testimony before any interpreter was sworn at all, and that the State's case closed with the testimony of John Orby, who is not shown by the affidavit to have been a Greek, nor any claim made of any impropriety or failure in the interpretation of his evidence. The record does show that thereafter the appellant introduced Steve Girolomo, and it appears that his testimony was interpreted by Brown, but without objection on the part of appellant, but presumably at his suggestion. In this state of the record and in the absence of any bill of exceptions we do not feel that we would be authorized to reverse the judgment.

5. Finally, it is claimed that a new trial should be granted on account of newly discovered testimony, and affidavits of three witnesses are attached to the motion. These are Jennie Spates, Minnie Thomas and A. J. Ezzell. An inspection of the affidavits of Minnie Thomas and Jennie Spates discloses that on the very night in question and contemporaneous with the difficulty they were in conversa-

tion with and in the presence of appellant Sellers, and in the nature of things he must have known of their presence on the scene of the difficulty and the slightest diligence must have visited him with notice of the importance of their testimony. The testimony of Ezzell, who declined to sign an affidavit, but whose testimony was taken on motion for new trial, was not important and throws but little light on the issue. The record is in great confusion and we have had some difficulty in gathering from it the precise facts, but as we understand it, after a careful investigation, there seems to be no error in the record for which the judgment as to Sellers should be reversed.

It is therefore ordered that the judgment of conviction as to Sam Sellers be and the same is hereby in all things affirmed, and that the judgment of conviction as to the other appellant, Champ Mansfield, be and the same is hereby reversed and remanded for further proceedings in accordance with law.

*Affirmed as to one defendant and reversed and remanded as to another.*

## ON REHEARING.

### February 15, 1911.

HARPER, JUDGE.—At a former day of this term of court in this case an opinion was rendered affirming the judgment as to Sam Sellers, and reversing and remanding the judgment as to Champ Mansfield. A motion for rehearing has been submitted on behalf of Sellers, in which appellant seeks to complain of the formation of the jury. No complaint was made in the court below at the time of the selection of the jury, nor in the motion for a new trial, and it is too late to raise this question on appeal, especially as the matters complained of do not appear in the record filed in this court. This court has always held that it can not consider ex parte affidavits filed with the brief of the appellant, in which new issues are sought to be made in this court not made in the trial court. It is not shown that appellant Sellers suffered any injury by reason of the matter complained of.

Appellant complains that the testimony is insufficient, and we have carefully read the record. It appears there was a "free for all fight" at night in front of Girolomo's saloon, and a witness swears that while Brown and Prater were fighting, that defendant Sellers cut Brown in the back. Brown and Prater, it appears, were both cut pretty bad. If the jury believed this testimony, it authorized a conviction.

In regard to the newly discovered testimony, it is such testimony as the defendant must of necessity have known before the original trial, and had he desired it, the witness was in the town. In addition, while the witnesses testify on the hearing of a motion for a new

trial, that defendant Sellers was in a nearby house at the beginning of the difficulty, he left the house before the row was over, and they did not know where he went, leaving in plenty of time to have engaged in the fight and do the cutting as testified to by the State's witness.

After carefully reviewing the record, we are of the opinion the motion for a rehearing should be overruled, and it is so ordered.

*Overruled.*