Travis Harlon **KINARD**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 45023.

Court of Criminal Appeals of Texas.

March 22, 1972.

Percy Foreman, Richard M. DeGuerin, Houston, for appellant.

Carol S. Vance, Dist. Atty., Calvin Botley, James C. Brough and Tom Henderson, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation.

Appellant was convicted on March 6, 1970, of the felony offense of driving and operating a motor vehicle upon a public highway while intoxicated. The jury assessed the punishment at 2½ years imprisonment. Appellant's application for probation was granted upon the jury's recommendation. Imposition of sentence was suspended and the appellant was placed on probation. Among the terms of appellant's probation were the provisions that he "commit no offense against the laws of this . . . State . . ." and that he "avoid injurious or vicious habits (including the use of narcotics or habit-forming drugs and alcoholic beverages)."

On February 5, 1971, a hearing was conducted on the State's motion to revoke probation, which alleged that appellant "on or about May 23, 1970, did commit the offense of driving while intoxicated." The court found that appellant failed to comply with the conditions of probation and entered an order revoking appellant's probation and pronounced sentence.

■ The appellant's first contention is that "The State's motion to revoke did not give sufficient notice to defendant." It has been said that the allegation in a motion to revoke probation need not be made with the same particularity as an indictment or information. Campbell v. State, 456 S.W.2d 918 (Tex.Crim.App.1970), however, it is the better practice to do so. See Jansson v. State, 473 S.W.2d 40 (Tex. Crim.App.1971). In Horman v. State, 423 S.W.2d 317 (Tex.Crim.App.1968), it was held that "was arrested on April 4, 1967, for suspicion of Driving While Intoxicated. He was involved in a minor accident Case U–94607 and placed in Harris County Jail," did not sufficiently allege a violation of the law. We are not inclined to believe that the appellant in this case was misled by the allegation in the motion to revoke probation. The sufficiency of the revocation motion is questioned for the first time on appeal. In Guinn v. State, 163 Tex.Cr. R. 181, 289 S.W.2d 583 (Tex.Crim.App. 1956), this court held that such a contention cannot be urged for the first time on appeal. See Balli v. State, 460 S.W.2d 424 (Tex.Crim.App.1970), concurring opinion;

compare Campbell v. State, 456 S.W.2d 918 (Tex.Crim.App.1970).

■ The appellant next contends "The trial court failed to make any findings or conclusions following the hearing and the order of revocation does not state the basis for revocation, thus such revocation amounts to an abuse of discretion." We believe that the rule announced in Tate v. State, 365 S.W.2d 789 (Tex.Crim.App. 1963) is controlling. There it was stated:

"The order of revocation is not rendered fatally defective for the failure to recite the findings on which it was based . . .

"In the absence of any request of the trial court to make findings upon which it based its order of revocation appellant's contention presents no error."

The appellant in this case did not request that the trial court make the finding and conclusions upon which the order was based.

The appellant next contends "The order of revocation is invalid because it was based on a void judgment, said judgment being unsigned and entered prior to trial." The first date appearing in the judgment is February 25, 1970. Appellant argues that this is the date of judgment, and since it is prior to the time the verdict was rendered, the judgment is void. The judgment clearly reflects that the date of February 25th refers to the date the cause was called for trial. Subsequent reference is made in the judgment to the jury's verdict being returned on the 26th of February, 1970, after which appears the following:

"On this the 6th day of March, A.D. 1970, the court held the following proceedings, to-wit: Ten days time waived; imposition of this sentence suspended and defendant placed on adult probation pending his abiding by and not violating the . . . terms of probation . . ."

■ Further, the failure of the judge to sign the judgment does not affect its validity. Rose v. State, 470 S.W.2d 198 (Tex. Crim.App.1971); Gutierrez v. State, 456 S.W.2d 84 (Tex.Crim.App.1970); McGowen v. State, 163 Tex.Cr.R. 587, 290 S. W.2d 521 (1956).

■ Appellant next contends "The order of revocation is invalid because it is based upon a void judgment, said judgment being void for failing to fix a definite period of probation." The punishment assessed was 2½ years. We hold that the term of probation coincides with the length of time assessed as punishment, unless it is set aside at an earlier time as provided by Article 42.12, Section 7, Vernon's Ann.C. C.P.[1]

In appellant's last contention he alleges "The State's motion to revoke was not brought within the period of probation, thus the court was without jurisdiction to revoke, and such revocation was an abuse of discretion." What we have said with regard to appellant's last discussed contention disposes of this complaint. The motion to revoke probation and the hearing thereon was held within a period of one year from the date of the jury's verdict and the judgment granting probation.

There being no abuse of discretion shown, the judgment is affirmed.

Opinion approved by the Court.

---

1. Unlike the Misdemeanor Probation Law (Article 42.13, V.A.C.C.P.) which provides that the court may extend the term of probation for a period of time not to exceed the maximum length of time of confinement provided by law, the Adult Probation Law (Article 42.12, V.A.C.C.P.) does not specifically provide that the court may extend the term of probation for a period longer than the length of the term assessed.