**Thomas MINOR, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–83–256–CR.**

Court of Appeals of Texas, Fort Worth.

Oct. 12, 1983.

John L. Mogford, Jr., Sidney L. Harle, San Antonio, for appellant.

Edward F. Shaughnessy, III, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before FENDER, C.J., and HUGHES and BURDOCK, JJ.

## OPINION

BURDOCK, Justice.

Upon trial before the court, the appellant, Thomas Minor, was convicted of the offense of theft, $200.00 to $10,000.00. Punishment was assessed by the court at five years confinement in the Texas Department of Corrections.

We affirm.

Appellant predicates his appeal on four grounds of error. In his third ground of error, appellant asserts that the trial court erred in finding appellant guilty of theft because the evidence is insufficient to support the judgment. Because the sufficiency of the evidence is challenged, we find it necessary to set forth the facts of the case in detail.

Appellant was an employee at Bethesda Care Center in San Antonio, Texas. The complainant, Teddy Evans, is a

patient residing at Bethesda Care Center due to a debilitating disease of a muscular neurological nature. This lifelong affliction so impaired his ability to control his muscles that Evans was unable to speak at the time of trial, although there was testimony that the disease had not affected his mental capacities. Evans' first cousin, Steve Adams, was appointed by the court as interpreter during the trial. The facts show that Evans and Adams had known each other since childhood, they had spent a great deal of time together, and Evans had been using hand signals to effectively communicate with Adams for several years.

Adams testified at trial that during a visit, Evans brought to Adams' attention that Evans' two rings had been stolen from his person. Evans spelled out the name "Tom" by using a communication board, and after appellant was described to Evans, Evans "said" that appellant was the perpetrator. Adams further testified that Evans chose appellant's photograph out of several displayed to him by police. At trial, Evans, through his interpreter, identified appellant as the person who stole his rings. Upon reviewing the evidence in the light most favorable to the verdict, we hold the evidence to be sufficient and overrule appellant's third ground of error.

▮ In his fourth ground of error, appellant contends that the trial court erred in finding appellant guilty of theft because such a finding is contrary to the great weight and preponderance of the evidence. It has been established that in reviewing criminal convictions, neither the Court of Criminal Appeals nor a Court of Appeals has jurisdiction to review the weight and preponderance of the evidence or "unfind" a vital fact. *Combs v. State*, 643 S.W.2d 709, 716 (Tex.Cr.App.1982). Appellant's fourth ground of error is overruled.

Appellant's first ground of error asserts that the trial court abused its discretion in permitting an incompetent witness to testify.

The Court of Criminal Appeals has construed TEX.CODE CRIM.PROC.ANN. art. 38.06 (Vernon 1979), pertaining to the competency of witnesses, in *Watson v. State*, 596 S.W.2d 867, 870–71 (Tex.Cr.App.1980). The Court held:

It has also been said that there are three elements which must be considered in determining whether a witness is in fact competent to testify. The first is a capacity to observe intelligently at the time of the events in question. The other elements of capacity are recollection and narration, though the former is usually merged into the latter. See 1 Texas Practice, §§ [sic] 271, 252–253, Evidence (2d ed.), McCormick & Ray. The capacity to narrate involves on the one hand, both an ability to understand the questions asked and to frame intelligent answers and, on the other hand, a moral responsibility to tell the truth. *If a person afflicted with a physical or mental disability* possesses sufficient intelligence to receive correct impressions of events he sees, retains clear recollection of them and *is able to communicate them through some means* there is no reason for rejecting his testimony. *Id.*, § 275, at 258. [Emphasis added.]

▮ The competency of a witness is generally a question for the trial court, and absent an abuse of discretion, its ruling will not be disturbed on appeal. *E.g., Watson, supra*, at 871; *Clark v. State*, 558 S.W.2d 887, 890 (Tex.Cr.App.1977); *Fields v. State*, 500 S.W.2d 500, 502 (Tex.Cr.App.1973).

Appellant contends that this court should be bound by the *Watson* decision; however, the present case is easily distinguishable. In *Watson,* the witness had been incapacitated by a stroke, after the murder of his wife, which left him unable to distinguish or otherwise communicate negative as opposed to affirmative answers. It was further shown that the witness' capacity to understand questions asked of him was seriously impaired, and the witness had been communicating with his interpreter for only six months prior to trial. It is also important to note that the holding in *Watson* does not preclude a finding that an individual with severe physical infirmities could in

**164**

some instances be determined to be a competent witness. *Watson, supra,* at 873.

In the present case, Evans was suffering from a disease strictly of a physical nature that did not hinder Evans' mental faculties. Evans had also been communicating with his interpreter for several years, and was quite able to understand questions asked of him and respond to those questions through the use of hand signals. We hold that the trial court did not abuse its discretion in allowing Evans to testify.

Although not specifically pled as a ground of error, appellant asserts, in his brief, that the trial court erred in failing to inquire of the witness his understanding of the obligation of the oath. The record reflects no objection having been made at trial, and such a failure to object waives error, if any were in fact committed. *Esquivel v. State,* 595 S.W.2d 516, 522 (Tex.Cr. App.), *cert. denied,* 449 U.S. 986, 101 S.Ct. 408, 66 L.Ed.2d 251 (1980). Appellant's first ground of error is overruled.

Appellant asserts as his second ground of error that the trial court erred in appointing an interpreter who was unqualified to translate the witness' testimony and who was biased in regard to the outcome of the trial.

Initially, it must be pointed out that appellant's second ground of error complaining of two alleged errors is multifarious and fails to preserve error. *Ely v. State,* 582 S.W.2d 416, 421 (Tex.Cr.App. 1979); *Wilson v. State,* 581 S.W.2d 661, 666 (Tex.Cr.App.1979); TEX.CODE CRIM. PROC.ANN. art. 40.09(9) (Vernon Supp. 1982). In the interest of justice, however, we will address appellant's contentions.

The statute currently provides for the appointment of interpreters for non-English speakers and deaf persons, with the requirement that the interpreter be qualified. TEX.CODE CRIM.PROC.ANN. arts. 38.30, 38.31 (Vernon Supp.1982). The Court of Criminal Appeals, however, has refused to adopt the position that an interpreter could not, therefore, be appointed to assist individuals suffering from mental or physi-

cal impairments not amounting to muteness or deafness. *Watson, supra,* at 872–73. While the statute in question does set forth the qualifications required for an interpreter for the deaf, TEX.CODE CRIM.PROC. ANN. art. 38.31(g)(2) (Vernon Supp.1982), it does not describe the qualifications required of an interpreter in the present case. It has previously been stated that Adams, the interpreter, and Evans had known each other since childhood, they had spent a great deal of time together, and Evans had used hand signals to communicate with Adams for several years. The record reflects that the trial court was satisfied as to the qualifications and abilities of the interpreter.

The appellant further asserts that Adams should not have been appointed because of bias. Although the use of a partisan interpreter should be avoided, *Nader v. State,* 86 Tex.Cr. 424, 219 S.W. 474, 477 (1919), the appointment of an interpreter is a matter to be left to the trial court, and absent a showing of abuse of such discretion, such judgment will not be disturbed on appeal. *Bustillos v. State,* 464 S.W.2d 118, 126 (Tex.Cr.App.1971). Neither counsel has cited any current law on this point; however, in *Brown v. State,* 59 S.W. 1118 (Tex.Cr.App.1900), as discussed in *Bustillos, supra,* the court held there was no requirement that an interpreter should be unbiased as far as the accused is concerned, only that he should interpret correctly and fairly. In *Tores v. State,* 63 S.W. 880, 881 (Tex.Cr.App.1901), the prosecuting attorney was appointed as interpreter, and such action was upheld by the court. A complaining witness has even been allowed to act as interpreter without an abuse of discretion being shown. *Sellers v. State,* 61 Tex.Cr. 140, 134 S.W. 348, 349 (1910).

We hold that the trial court did not err in appointing Adams as interpreter and find no showing of unfairness or partiality on the part of the interpreter. No error being shown, appellant's final contention is overruled.

The judgment is affirmed.