Lester **BRIDGES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 68781.

Court of Criminal Appeals of Texas, En Banc.

Feb. 15, 1984.

Marvin C. Hanz, Galen A. Moeller, San Angelo, for appellant.

John T. Montford, Dist. Atty. and Jim B. Darnell, Asst. Dist. Atty., Lubbock, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

TOM G. DAVIS, Judge.

After finding the appellant guilty of rape, the jury assessed punishment at 10 years confinement and recommended probation.

On original submission we affirmed appellant's conviction. 656 S.W.2d 908. We granted appellant's motion for rehearing in order to determine whether the trial court erred in assessing punishment at 10 years probated, when the jury assessed punishment at 10 years and recommended probation, but did not set any term for such probation. Appellant contends that since the jury failed to set a term for probation, the trial court should have given appellant "the benefit of the doubt" and assessed the minimum of two years probation, or it should have required the jury to recommend the period of probation.

The jury's verdict on punishment provides as follows:

"We, the Jury, having found the defendant, LESTER BRIDGES, guilty of the offense of rape, assess his punishment at confinement in the Texas Department of Corrections for a period of *10* years. "We further find that the defendant has not heretofore been convicted of a felony. offense in this State or in any other State, and we recommend that the imposition of sentence in this case be suspended and the defendant be placed on probation."

On original submission, we addressed appellant's complaint as follows:

"The appellant complains the court erred in assessing probation for a term of 10 years, when the jury assessed punishment of 10 years, recommended probation, but did not set any term for such probation. This court has held that in felony cases the term of probation coincides with the length of time assessed as punishment, unless it is set aside at an earlier time as provided by Article 42.12, Section 7 V.A. C.C.P.; *Kinard v. State*, 477 S.W.2d 896 (Tex.Cr.App.1972), and when appeal is taken probation does not commence until the mandate of this court is issued. *Ross v. State*, 523 S.W.2d 402 (Tex.Cr.App. 1975). The court did not err in ordering probation for 10 years."

We must determine whether our holding in *Kinard v. State*, supra, that "the term of probation coincides with the length of time assessed as punishment," is still valid in light of the fact that the Legislature modified the pertinent statute, Art. 42.12, Secs. 3, 3a, V.A.C.C.P., since *Kinard* was decided.[1]

Art. 42.12, Sec. 3a, V.A.C.C.P., provides in pertinent part:

"When there is a conviction in any court of this State and the punishment assessed by the jury shall not exceed ten years, the jury may recommend probation for a period of any term of years authorized for the offense for which the defendant was convicted, but in no event for more than ten years . . .

---

1. See Acts 1975, 64th Leg. ch. 110, Sec. 1, p. 263.

"In all eligible cases, *probation shall be granted by the court, if the jury recommends it in their verdict, for the period recommended by the jury.*"

Under the prior statute, a jury's duty at punishment was to assess punishment and to decide whether or not to recommend probation, if the defendant was eligible and properly applied for it. The actual term of probation was to be set by the court, who "in its discretion" could "fix a period of probation . . . equal to or less than the term of punishment assessed by the jury."[2] The 1975 amendment, see supra note 1, repealed the court's discretion with regard to the period of probation. Under the current statute, the court is bound to grant probation "for the period recommended by the jury." Under the current statute, then, the jury's duty at punishment is to assess punishment, and then if the jury decides that probation is appropriate (and the defendant is eligible and has properly applied for it), the jury is to recommend the period to be served on probation. The probation period recommended by the jury may be less than or greater than the term of punishment assessed by the jury, as long as the period is for a term of years authorized for the offense and does not exceed ten years.[3]

Despite the statutory changes, we find that our opinion on original submission properly applied *Kinard* to the instant case. *Kinard* merely holds that when a jury assesses punishment and recommends probation, but does not specify a term for that probation, it is presumed that the jury intends the term of probation to coincide with the time assessed as punishment.[4]

While the court's charge in the instant case did not instruct the jury that it could recommend a term for probation that differed from the term of punishment assessed, appellant made no objection to the

charge before it was submitted to the jury, and raised the issue for the first time on appeal. Furthermore, there is nothing in the record to indicate that the jury would have considered giving appellant a lesser period for probation than the time assessed as punishment. The jury assessed punishment at 10 years, the maximum allowable for consideration of probation.

Appellant's motion for rehearing is overruled.

---

**2.** See Acts 1973, 63rd Leg. ch. 464, Sec. 1, p. 1269, formerly part of Art. 42.12, Sec. 3.

**3.** We note that when the judge assesses punishment, he too is allowed to "fix the period of probation without regard to the term of punishment assessed" as long as the period of probation assessed is not longer than 10 years, or

less than the minimum prescribed for the offense. See Art. 42.12, Sec. 3, V.A.C.C.P.

**4.** To the extent that *Kinard* can be construed as precluding a jury or a court from setting a term for probation that differs from the time assessed as punishment, it is overruled.