Chris Dale COOK, Appellant,

v.

The STATE of Texas, Appellee.

Nos. C14–85–348–CR, C14–85–357–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 13, 1986.

Charles F. Baird, Houston, for appellant.

William J. Delmore, III, Bob Stabe, John B. Holmes, Jr., Houston, for appellee.

Before JUNELL, DRAUGH and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Chris Dale Cook, appeals from two judgments of conviction, one for the offense of robbery and one for the offense of aggravated robbery. He was tried for the two cases before the same jury. Appellant entered a plea of guilty in the aggravated robbery case and plead not guilty to the robbery case. The jury found him guilty in each case and assessed his punishment at five (5) years confinement in the Texas Department of Corrections in the aggravated robbery case and two (2) years confinement in the Texas Department of Corrections in the robbery case. The jury recommended that the two (2) years confinement given in the robbery case be probated and the trial court placed appellant on probation in that case for a period of two years. We affirm.

Appellant presents three grounds of error in which he alleges: (1) the trial court was without jurisdiction to proceed to trial on an indictment for robbery; (2) the trial court was without jurisdiction to proceed to trial on an indictment for aggravated robbery; and (3) the trial court erred in denying appellant's requested verdict form at the punishment phase.

Appellant was indicted for two offenses. In the robbery case, the evidence indicated he took a gold chain from the neck of the complainant, Charles Leroy Richardson, on January 29, 1985. The complainant testified that appellant asked him to take it off and when he refused appellant grabbed his arm and took the gold chain from his neck against his will. Appellant put the chain in his pocket and the complainant followed him demanding its return. Appellant then told Richardson that if he did not leave he would hurt him. Richardson testified that he was scared the appellant, who was larger in size, would hurt him. After hearing this statement, Richardson went down a different road, but watched from a distance and noticed where the appellant dropped off the girl who was with him.

In the aggravated robbery case the evidence indicated that on March 1, 1985, appellant robbed Arthur Richard Westergren at the Greenspoint Mall. Westergren testified that appellant, after engaging him in conversation in the parking lot, pulled a pistol on him when he got inside his car. Appellant cocked the gun and pushed it in Westergren's ribs and said, "I'm going to kill your ass," then he said, "Give me all your money." Westergren testified that he gave appellant all his money because he was scared appellant would kill him.

In his first ground of error, appellant argues that since his conduct in the robbery case could have constituted either the offense of robbery as defined by the Texas Penal Code § 29.02, (Vernon 1974) or the offense of theft from person as defined by Section 31.03(a), (d)(4)(B), he should have been prosecuted for the more appropriate offense of theft from person.

Theft is defined by the Texas Penal Code § 31.03 as follows:

(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

(d) except as provided by subsection (e) of this section, an offense under this section is:

(4) a felony of the third degree if:

(B) regardless of value, the property is stolen from the person of another or from a human corpse or grave.

In his second ground of error he makes a similar argument, contending that instead of being tried for aggravated robbery, a first degree felony, he should have been prosecuted for the offense of theft by threatening the commission of a felony offense, as defined by the Texas Penal Code §§ 31.03(a) and (d)(5)(c) (Vernon Supp. 1984), a second degree felony.

Appellant relies upon the rule that when certain conduct can be prosecuted under either a special statute or a general statute, those statutes are to be construed as being in pari materia and should be harmonized and given effect with the special governing the general in the event of conflict. *Alejos v. State,* 555 S.W.2d 444 (Tex. Crim.App.1977) reh'g granted; *Ex parte Harrell* 542 S.W.2d 169 (Tex.Crim.App. 1976).

The rule is explained in 53 TEX.JUR.2d *Statutes* 186 (1964) as follows:

"It is a settled rule of statutory interpretation that statutes that deal with the same general subject, have the same general purpose, or relate to the same person or thing or class of persons or things, are considered as being in pari materia though they contain no reference to one another, and though they were passed at different times or at different sessions of the legislature.

"In order to arrive at a proper construction of a statute, and determine the exact legislative intent, all acts and parts of acts in pari materia will, therefore, be taken, read, and construed together, each enactment in reference to the other, as though they were parts of one and the same law. Any conflict between their provisions will be harmonized, if possible, and effect will be given to all the provisions of each act if they can be made to stand together and have concurrent efficacy.

"The purpose of the in pari materia rule of construction is to carry out the full legislative intent, by giving effect to all laws and provisions bearing on the subject. The rule proceeds on the same supposition that several statutes relating to one subject are governed by one spirit and policy, and are intended to be consistent and harmonious in their several parts and provisions. Thus, it applies where one statute deals with a subject in comprehensive terms and another deals with a portion of the same subject in a more definite way. But where a general statute and a more detailed enactment are in conflict, the latter will prevail, regardless of whether it was passed prior or subsequently to the general statute, unless it appears that the legislature intended to make the general act controlling. *And, the rule is not applicable to enactments that cover different situations and that were apparently not in-*

*tended to be considered together."* (Emphasis supplied.)

■ The rule is not applicable to appellant's cases. Although the same criminal conduct can frequently be prosecuted under the theft statute, the robbery statute, or both, neither of these statutes can be described as special. Both are general penal statutes describing offenses with approximately the same degree of specificity. They focus on different aspects of criminal activity, in that robbery is an assaultive offense that requires proof of threatened or actual violence against the person of the complainant, but does not require proof of a completed theft. The category of theft, designated theft from person, on the other hand, was created to provide a higher penalty range when property is unlawfully appropriated from the person of the complainant, even if no actual or threatened violence accompanies the appropriation. It encompasses such acts as pickpocketing and purse-snatching. The offense of theft by threatened commission of a felony was similarly created to provide a higher penalty when a theft is accomplished by extortion, but there the requisite threat need not place the victim in fear of imminent bodily injury, as in a robbery, or even involve any threat of bodily harm at all.

■ Both the theft and robbery statutes are general in nature and are aimed at different aspects of criminal conduct that may occur in a single transaction, there is no conflict between them that requires harmonization and the use of the in pari materia doctrine. Neither statute is so detailed as to suggest that the Legislature intended that persons be prosecuted only under such statute if prosecuted at all. Since neither can be described as a "special" statute, the prosecutor has the discretion to prosecute under the particular statute he believes to be more appropriate in a specific instance.

■ However, if the in pari materia doctrine is applicable to the statutes in question, it is clear that the appellant was prosecuted under the more specifically appropriate statute in each of these cases. By making robbery a second degree felony, the Legislature made available more severe penalties when actual or threatened violence accompanies what might otherwise be a theft from the person of the complainant, a third degree felony. In the robbery case it was shown that the appellant caused bodily injury to the complainant and threatened to cause him bodily injury in the process of forcibly stealing a gold chain from him. This was robbery and not a mere theft from person. The appellant was not entitled to be prosecuted for theft simply because it carries a lower penalty range.

■ In the aggravated robbery case, a first degree felony, appellant stuck a loaded handgun in the ribs of the complainant and cocked it, while demanding money and threatening to kill the complainant. The appellant used a deadly weapon to place the complainant in fear of imminent serious bodily injury or death. The charge of aggravated robbery was far more appropriate than a prosecution for theft by threatening the commission of a felony offense, a second degree felony.

We hold that the in pari materia doctrine is inapplicable in the instant cases and the appellant was charged and convicted under the more appropriate penal statutes. Appellant's grounds of error one and two are overruled.

In his third ground of error, appellant alleges the court erred in denying his requested verdict form at the punishment phase of the trial. We agree, but find the error under the circumstances of these cases harmless.

The appellant timely objected to the court's charge at the punishment phase of the jury trial. Appellant requested and submitted to the court his version of a verdict form, in each case. In these proffered forms, the jury could set the period of probation to be served by appellant if they recommended probation. The requested jury verdict forms read as follows:

"We, the jury, having recommended probation, set the period of probation at ____ years."

The Texas Code of Criminal Procedure, Article 42.12, § 3a (Vernon Supp.1986) provides in pertinent part:

"When there is a conviction in any court of this State and the punishment assessed by the jury shall not exceed ten years, the jury may recommend probation for a period of any term of years authorized for the offense for which the defendant was convicted, but in no event for more than ten years ...

"In all eligible cases, probation shall be granted by the court, if the jury recommends it in their verdict, *for the period recommended by the jury.*"

 Under the current statute, the Court is bound to grant probation "for the period recommended by the jury." Under the current statute, the jury's duty at punishment is to assess punishment, and then if the jury decides that probation is appropriate (and the defendant is eligible and has properly applied for it) the jury is to recommend the period to be served on probation. The probation period recommended by the jury may be less than or greater than the term of punishment assessed by the jury, as long as the period is for a term of years authorized for the offense and does not exceed ten years. *Bridges v. State,* 664 S.W.2d 98 (Tex.Crim.App.1984).

 We find that the court's error was harmless in both cases. In the robbery case the jury assessed punishment at two years and recommended probation and the court set the term of probation at two years. The jury assessed punishment at the minimum of two years' imprisonment; and the period of probation set by the court at two years also was the minimum period. Since appellant received the shortest permissible term of probation, no harm has been shown and no reversible error occurred in the robbery case.

In the aggravated robbery case appellant has not shown harm since the jury did not recommend probation, but assessed punishment at five years confinement in the Texas Department of Corrections. The question of the length of the probationary period is relevant only if the jury decides to recommend probation. *Bridges v. State, supra.* We find in appellant's aggravated robbery case the jury never reached the issue of the length of the probation period to be served; therefore, any error was harmless. Appellant's third ground of error is overruled.

Accordingly, the judgment of the trial court is affirmed.