**Jesus GUERRA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–87–277–CR.**

Court of Appeals of Texas,
Corpus Christi.

May 5, 1988.

Rehearing Denied June 2, 1988.

Douglas Tinker, Corpus Christi, for appellant.

Grant Jones and Deanie M. King, Dist. Attys. Office, Corpus Christi, for appellee.

Before UTTER, BENAVIDES and DORSEY, JJ.

OPINION

UTTER, Justice.

Appellant pled guilty to the underlying charge of aggravated possession of cocaine, and the Court convicted him and assessed punishment at eight years confinement, probated, and a $2,500 fine. The State subsequently filed a motion to revoke his probation alleging that he had violated Condition A of his conditions of probation by committing another crime; namely, illegal possession of 400 grams or more of cocaine. The court, after hearing evidence on the State's motion, ordered that appellant's probation be revoked and that the punishment stated above be imposed in its entirety. We affirm the judgment of the trial court.

In his first point of error, appellant contends that the trial court erred in revoking appellant's probation because the terms and conditions of probation were not clearly set forth so that appellant would know

with certainty what the conditions were as required by Tex.Code Crim.Proc.Ann. art. 42.12, §§ 5, 6 (Vernon Supp.1988). Specifically, appellant complains that since the conditions of probation were written in English and not in Spanish, and since the interpreter was of Mexican–American and not of Cuban descent, and since the translator was not a trained interpreter or linguist, the conditions of probation were not clearly set forth in a form understandable to appellant.

The record reflects that an interpreter was present at each of the proceedings below including the hearing on his original plea of guilt. Lionel Duque, a probation officer, testified at the probation revocation hearing that at the hearing on the original plea of guilt, the court had ordered him to read the conditions of probation to the appellant in Spanish. Duque stated he did so and that appellant acknowledged that he understood every sentence that was read to him. Samuel Lujan, another probation officer, testified that he communicated with appellant in Spanish, and that appellant was aware that under Condition A, he was not to commit any offense against the laws of the State of Texas or any state or of the United States. Moreover, the record reveals that appellant's probation was revoked for having committed virtually the identical offense as that of the original conviction; i.e., possession of a large amount of cocaine. The record, therefore, does not support appellant's assertions.

■ Furthermore, there is no requirement that the conditions of probation be written in any language other than English, that the interpreter be of the same descent as the appellant, or that the interpreter be trained or certified in any particular manner. Although the appellant could have requested the court to nominate another person to act as an intermediary between the appellant and the appointed interpreter in accordance with Tex.Code Crim.Proc.Ann. art. 38.30 (Vernon Supp. 1988), at no time during any of the proceedings below did he do so. In fact, the record is devoid of any objections to the interpreter's qualifications or any indication that appellant was having trouble understanding the interpreter.

The appointment of an interpreter is a matter to be left to the trial court, and absent a showing of abuse of discretion, that judgment will not be disturbed on appeal. *See Liveoak v. State,* 717 S.W.2d 691, 697 (Tex.App.—San Antonio 1986, *pet. ref'd,* 741 S.W.2d 451 (Tex.Crim.App.1987); *see also Vera v. State,* 428 S.W.2d 664, 666 (Tex.Crim.App.1968); *Minor v. State,* 659 S.W.2d 161, 164 (Tex.App.—Fort Worth 1983, no pet.). No abuse of discretion has been shown. Appellant's first point of error is overruled.

In his second point of error, appellant contends the State's Motion to Revoke Probation was void because it failed to allege a particular probation term which was violated. Specifically, appellant complains that the State's motion alleged he violated "Condition A" by possessing 400 grams or more of cocaine without specifying more particularly what "Condition A" was.

■ No motion to quash the State's motion was filed and no objection to the sufficiency of the revocation motion was made at trial. Defects in a revocation motion cannot be urged for the first time on appeal. *See Peoples v. State,* 566 S.W.2d 640, 642 (Tex.Crim.App.1978); *Vance v. State,* 485 S.W.2d 580, 582 (Tex.Crim.App.1972). *Kinard v. State,* 477 S.W.2d 896, 897 (Tex. Crim.App.1972), *overruled in part on other grounds, Bridges v. State,* 664 S.W.2d 98, 100 n. 4 (Tex.Crim.App.1984).

■ Even if we could consider appellant's contention, the State's motion gave appellant sufficient notice regarding the particular probationary condition he had violated to enable him to prepare a defense. *LaBelle v. State,* 720 S.W.2d 101, 108 (Tex. Crim.App.1986); *Mitchell v. State,* 608 S.W.2d 226, 228–29 (Tex.Crim.App.1980); *Garner v. State,* 545 S.W.2d 178, 179 (Tex. Crim.App.1977). Appellant's second point of error is overruled.

The judgment of the trial court is AFFIRMED.