**Edilberto REYNAGA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–88–619–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1989.

Mark Janssen, Victoria, for appellant.

George J. Filley, III, Dist. Atty., Victoria, for appellee.

Before NYE, C.J., and KENNEDY and BENAVIDES, JJ.

OPINION

KENNEDY, Justice.

Appellant was convicted of theft on January 31, 1986 and was placed on probation for six years. On November 3, 1988, the District Court revoked his probation and sentenced him to confinement for six years. The appeal therefrom is based upon four points of error which we address in the

order presented. We affirm the judgment of the District Court.

■ Appellant's first point of error alleges that the State failed to meet its burden of proof, or more specifically, that the State failed to prove that the person accused of violating probation was the person present for the revocation hearing. The record indicates that the following exchange between the Judge and appellant occurred at the beginning of the revocation hearing:

THE COURT: Calling 85–9–12,056 styled The State of Texas versus Edilberto Reynaga.

And you are Edilberto Reynaga, the defendant in this case?

THE DEFENDANT: Yes, Sir.

\* \* \* \* \* \*

THE COURT: All right. You were served with a copy of the State's Motion to Revoke *your* probation on October the 20th of 1988; is that correct? (emphasis ours)

THE DEFENDANT: Yes, sir.

This is sufficient to identify appellant as the person accused of violation of probation. Point of error one is overruled.

■ By his second point, appellant complains that the State did not prove that appellant had the ability to pay past due fees and restitution and that the non-payment thereof was intentional. No authority is cited by appellant to support this point except for Tex.Code Crim.Proc.Ann. art. 42.12, § 8(c) (Vernon Supp.1989). This section provides:

In a probation revocation hearing at which it is alleged *only* that the probationer violated the conditions of probation by failing to pay compensation paid to appointed counsel, probation fees, court costs, restitution, or reparations, the inability of the probationer to pay as ordered by the court is an affirmative defense to revocation, which the probationer must prove by a preponderance of evidence (emphasis ours).

In the case before us, the charge that appellant failed to pay supervisory fees and restitution is not the only violation alleged; it is also alleged that he committed a burglary. At first glance, this point of error would appear to have merit. Indeed, the Fort Worth Court of Appeals held in *Stanfield v. State*, 638 S.W.2d 127, 129 (Tex. App.—Fort Worth 1982), *aff'd*, 718 S.W.2d 734 (Tex.Crim.App.1986), that since revocation was sought on two grounds, the State was required to prove that the appellant had the ability to pay and that he intentionally failed to pay. However, in reviewing that case, the Court of Criminal Appeals, on the State's motion for rehearing, "relieve[d] the State of that part of its former burden." *Stanfield*, 718 S.W.2d at 736. The Court first reviewed the legislative history of section 8(c) and concluded that the legislative intent was not to pass the burden of proving inability to the State.[1] *Stanfield*, 718 S.W.2d at 737. The Court then held that the State still has the burden of proving that an alleged failure to pay fees, costs and the like was intentional. *Stanfield*, 718 S.W.2d at 738. However, the Court then concluded that when the State has discharged its burden of proving ability (by default of appellant in not raising the matter) that "one who has the ability to pay that which he is required to pay but does not, without more, leaves a factfinder with a strong inference that his failure is intentional." *Stanfield*, 718 S.W.2d at 738. The revocation was affirmed. In this case, because appellant failed to raise the issue of inability to pay, the State met its burden under *Stanfield*. For the reasons stated therein, we overrule point of error two.

■ Point of error three alleges ineffective assistance of counsel for the reason that appellant's lawyer at the revocation hearing permitted a probation officer to testify from her files and made no hearsay objection. Appellant also notes that no proper predicate was laid by the State, again without objection.

1. Judge Clinton's opinion uses the words "quirky consequences" to describe the result from holding otherwise.

A two-fold test to determine if counsel has been reasonably effective was set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). First, the defendant must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. Second, the defendant must show that counsel's errors were so serious as to deprive the defendant of a fair trial. *Id.; Ingham v. State*, 679 S.W.2d 503, 509 (Tex.Crim.App.1984); *see Braughton v. State*, 749 S.W.2d 528, 532 (Tex.App.—Corpus Christi 1988, pet. ref'd). We have reviewed the record and hold that neither of these tests has been met by appellant. Making these hearsay objections would have served no useful purpose. The State could have readily made the matters testified to admissible. We overrule this point of error.

Appellant's final point of error concerns the fact that he is a Mexican alien and the hearing was conducted in English. The harm allegedly contained in this situation is said to be manifested in appellant's replies to questions as "uh-huh," "huh-uh," or "yeah" rather than "yes" and "no".

First, we note that although "uh-huh," "huh-uh" and "yeah" are slang words, they are English slang words. Appellant's brief makes no claim that he did not understand the proceedings save for the aforementioned idiomatic replies. Furthermore, the record makes no mention of a motion for the appointment of an interpreter as Tex. Code Crim.Proc.Ann. art. 38.30 (Vernon Supp.1989) permits. The record reflects that at the commencement of the hearing the trial judge inquired of appellant's understanding of the proceedings and was assured that he understood them. *See Guerra v. State*, 750 S.W.2d 360, 361 (Tex. App.—Corpus Christi 1988, pet. ref'd).

The final point of error is overruled. We affirm the judgment of the trial court.