TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00066-CR







Eulalio Huerta, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY


NO. 452,026, HONORABLE FRED A. MOORE, JUDGE PRESIDING








 Appellant Eulalio Huerta was convicted in a jury trial of the offense of recklessly discharging
a firearm inside the corporate limits of a municipality having a population of 100,000 or more. See Tex.
Penal Code Ann. § 42.12(a) (West Supp. 1998). Appellant's punishment was assessed by the trial court
at confinement in the county jail for 90 days and a fine of $300. The court suspended appellant's sentence
and placed him on community supervision for two years.

 In his sole point of error, appellant asserts that the trial court erred in appointing an
interpreter who was biased in favor of the State. We will overrule appellant's point of error and affirm the
trial court's judgment.


 When a motion for appointment of an interpreter is filed by any party or on motion
of the court, in any criminal proceeding, it is determined that a person charged or a witness
does not understand and speak the English language, an interpreter must be sworn to
interpret for him. Any person may be subpoenaed, attached or recognized in any criminal
action or proceeding, to appear before the proper judge or court to act as interpreter
therein, under the same rules and penalties as are provided for witnesses. In the event that
the only available interpreter is not considered to possess adequate interpreting skills for
the particular situation or the interpreter is not familiar with use of slang, the person charged
or witness may be permitted by the court to nominate another person to act as
intermediary between himself and the appointed interpreter during the proceeding.



Tex. Code Crim. Proc. Ann. art. 38.30 (West Supp. 1997). An interpreter was appointed to translate for
appellant, who spoke Spanish but did not speak or understand the English language.

 After the parties had announced ready for trial and selected the jury, but before the jury
was sworn, the trial court held a hearing out of the presence of the jury. Appellant's counsel stated that
it had come to his attention that the interpreter, who had been appointed and sworn, was an employee of
the County Attorney's office. The interpreter was employed as a victims-witness coordinator in another
court. Defense counsel asked for a mistrial or that another interpreter be appointed. The motion for
mistrial was denied, but the trial court told defense counsel that the court would consider appointing a
substitute interpreter if the defense would provide an interpreter for consideration before 2:00 p.m. when
the court would reconvene. Counsel objected and rejected the court's suggestion because it would be
burdensome to the defense, onerous, and unfair.

 The interpreter testified that because of her employment she favored the State. However,
as an interpreter, she "would be completely unbiased as far as [her] interpretation to the defendant . . . . 
She did not know the defendant and [did not] hold anything against him personally." She had served as
an interpreter on previous occasions in another court. The interpreter was questioned by the trial court.


THE COURT:  I have one question of you. When [the prosecutor] asked you if you had
any bias or prejudice, you said no personal bias or prejudice. What do you mean by that?


THE WITNESS:  I don't hold anything against him personally but, in all fairness, I would
have to say that, you know, I am biased towards the State. I can't explain myself real
well. I would never try to interpret something incorrectly or anything like that, but when
[Defense Counsel] asked me if I was biased, you know, more for the State than for the
defense, then I would have to say that, yes, that is correct.



Defense counsel argued that although he was sure the interpreter's translation would be accurate appellant
was entitled to an unbiased interpreter. Appellant's objection was overruled and the court proceeded with
the trial.

 During trial, only once did counsel disagree with the interpreter's translation. Counsel did
not object but corrected the translation.


Q. (By Prosecutor)  Who was shooting at the house?


A. Only him.


 * * * * *


Q. So Juan was shooting at the house?


A. Yes.


Q. And he wasn't shooting in the air?


 DEFENSE COUNSEL:  Judge, there's a mistranslation here, "at the house," "in the
house." There's a mistranslation.

 THE COURT:  That happens in English too. Go ahead.


Q. (By Prosecutor)  So Juan was shooting at the house?


A. No, up towards the air.


Q. Did you just say that someone was shooting in the house then?


A. No.



 In his brief, appellant discusses several reported cases concluding that the facts in this case
are "distinguishable from the case law." However, we find these cases to be instructive. In Brown
v. State, 59 S.W. 1118 (Tex. Crim. App. 1900), the court noted there was no requirement that an
interpreter should be unbiased as far as the accused is concerned. In Tores v. State, 63 S.W. 880, 881
(Tex. Crim. App. 1901), the county attorney was appointed to act as interpreter, and the court upheld such
action. And in Sellers v. State, 134 S.W. 348, 349 (Tex. Crim. App. 1911), even the complaining witness
acted as interpreter without there being an abuse of discretion shown. "The appointment of an interpreter
is a matter for the sound discretion of the trial judge and only an abuse of discretion will call for a reversal." 
Bustillos v. State, 464 S.W.2d 118, 126 (Tex. Crim. App. 1971). In this case, although the interpreter
testified that she favored the State, she also stated that she would faithfully perform her sworn duty as an
interpreter. There is nothing in the record to show the interpreter did not accurately perform her duties in
an unbiased manner.

 Appellant argues, for the first time on appeal, that the "biased interpreter" interfered with
appellant's constitutional right to counsel and with appellant's attorney-client privilege. There is nothing in
the record to show that the interpreter translated conversations between appellant and his counsel. The
record does not specifically show that defense counsel spoke and understood Spanish, but that may be
inferred; in the one instance already noted counsel during trial corrected the interpreter's translation of a
witness who was testifying in Spanish.

 In considering the record presented, we conclude and hold the trial court did not abuse its
discretion in appointing an interpreter who was an employee of the county attorney's office. There is no
showing that appellant's defense was prejudiced by the interpreter. Appellant's point of error is overruled. 
The judgment is affirmed.



 Carl E. F. Dally, Justice

Before Justices Powers, Jones and Dally*

Affirmed

Filed: December 18, 1997

Do Not Publish




* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).



l, only once did counsel disagree with the interpreter's translation. Counsel did
not object but corrected the translation.


Q. (By Prosecutor)  Who was shooting at the house?


A. Only him.


 * * * * *


Q. So Juan was shooting at the house?


A. Yes.


Q. And he wasn't shooting in the air?


 DEFENSE COUNSEL:  Judge, there's a mistranslation here, "at the house," "in the
house." There's a mistranslation.

 THE COURT:  That happens in English too. Go ahead.


Q. (By Prosecutor)  So Juan was shooting at the house?


A. No, up towards the air.


Q. Did you just say that someone was shooting in the house then?


A. No.



 In his brief, appellant discusses several reported cases concluding that the facts in this case
are "distinguishable from the case law." However, we find these cases to be instructive. In Brown
v. State, 59 S.W. 1118 (Tex. Crim. App. 1900), the court noted there was no requirement that an
interpreter should be unbiased as far as the accused is concerned. In Tores v. State, 63 S.W. 880, 881
(Tex. Crim. App. 1901), the county attorney was appointed to act as interpreter, and the court upheld such
action. And in Sellers v. State, 134 S.W. 348, 349 (Tex. Crim. App. 1911), even the complaining witness
acted as interpreter without there being an abuse of discretion shown. "The appointment of an interpreter
is a matter for the sound discretion of the trial judge and only an abuse of discretion will call for a reversal." 
Bustillos v. State, 464 S.W.2d 118, 126 (Tex. Crim. App. 1971). In this case, although the interpreter
testified that she favored the State, she also stated that she would faithfully perform her sworn duty as an
interpreter. There is nothing in the record to show the interpreter did not accurately perform her duties in
an unbiased manner.

 Appellant argues, for the first time on appeal, that the "biased interpreter" interfered with
appellant's constitutional right to counsel and with appellant's attorney-client privilege. There is nothing in
the record to show that the interpreter translated conversations between appellant and his counsel. The
record does not specifically show that defense counsel spoke and understood Spanish, but that may be
inferred; in the one instance already noted counsel during trial corrected the interpreter's translation of a
witness who was testifying in Spanish.

 In considering the record presented, we conclude and hold the trial court did not abuse its
discretion in appointing an interpreter who was an employee of the county attorney's office. There is no
showing that appellant's defense was prejudic