**John Gerald SZCZECK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46434.**

Court of Criminal Appeals of Texas.

Feb. 14, 1973.

David Farris, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Clint D. Starr and Roger W. Crampton, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant seeks relief from an order revoking probation. He was convicted of the offense of burglary upon his plea of guilty on December 23, 1970 and was assessed a two year sentence, which was ordered probated by the court. The conditions of probation directed that appellant:

"d. Report to the Adult Probation Officer of Tarrant County, Texas, as directed: on the ___23rd___ day of ___January___, 1971, and on the ___23rd___ day of each month thereafter, during

\* \* \* \* \* \*

"h. (1) Pay your fine, if one be assessed, and pay all court costs whether a fine be assessed or not, in one or several sums, as follows: ___Atty Fees___ 50.00 & Court Cost $50.00, total

(2) Make restitution to and through the Adult Probation Officer of Tarrant County, Texas, in the amount of $100.00, at the rate of ___$10.00___ per ___month___ : the first payment to be made on the ___23rd___

day of ___January___, 19_7_1, and a like payment on the ___23rd___ day of each month thereafter until full restitution is made.

\*    \*    \*    \*    \*    \*

"k.   Pay a Probation Fee to and through the Adult Probation Office, Tarrant County, Texas, in the amount of ___$10.00___, on the ___23rd___ day of ___January___, 19_7_0, and on the ___23rd___ day of each month thereafter during Probation . . . "

On June 29, 1972, the State filed an amended motion to revoke the probation, alleging violations of the above conditions. On June 30, 1972, a hearing on the motion to revoke was had and the court ordered the probation revoked.

Appellant contends that the trial judge abused his discretion, since there was no showing that appellant *intentionally* violated these conditions of probation.

Appellant's probation officer testified that appellant was given a copy of the terms and conditions of his probation at the time his sentence was ordered probated. Further, he stated that appellant had never reported to him, nor did he ever pay attorney's fees, court costs or probation fees.

- It was appellant's testimony that he was living with his fiancee, that she had called to report that he would be a day late in reporting and that she told appellant that it was not necessary that he report to the probation officer. Appellant further testified that he was giving his fiancee the money to be mailed to the probation officer and that he believed she was mailing it. (This alleged fiancee did not testify.)

■ Where probationary conditions relate to the payment of restitution and court costs there must be a showing at the revocation hearing of the probationer's ability to make the payments required and that the failure to make the restitution was intentional. Hardison v. State, 450 S.W.2d 638 (Tex.Cr.App.1970). No such showing was made in the present case.

■ Nevertheless, the record does show that the probationer failed to ever report to his probation officer. Appellant himself testified to this fact. We conclude, therefore, that the court did not abuse its discretion in revoking probation. Hardison v. State, supra.

The judgment is affirmed.