Horice ISABELL, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 46815.

Court of Criminal Appeals of Texas.

May 9, 1973.

Rehearing Denied May 30, 1973.

E. Paul Banner, Greenville, for appellant.

Larry Miller, Dist. Atty., Greenville, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant seeks relief from an order revoking his probation; a sentence of five years' imprisonment was assessed. An abuse of discretion is alleged.

■ The appellant contends that there is insufficient evidence to sustain the court's order. However, we find from the record that appellant failed to report to his probation officer between September of 1971 and February of 1972 as required by his conditions of probation. See Szczeck v. State, 490 S.W.2d 576 (Tex.Cr.App. 1973). Additionally, the revocation of appellant's probation was justified on the ground of an assault with intent to commit rape upon a twelve-year-old girl. Appellant's defense to this charge was that he had been drinking heavily and was looking for a different woman and not the young prosecutrix.

■ Though the record supports the State's additional allegations of appellant not supporting his dependents and not paying the supervisory fees, there was no showing of appellant's ability to pay or a showing that the failure to make the payments was intentional. Szczeck v. State, supra.

Appellant also complains that the trial court erred in permitting appellant's wife to testify in support of the State's allegation that he had not supported his dependents, as required by the terms of his probation. We need not meet the merits of such a contention or the propriety of the State calling appellant's wife as a witness in light of our finding that the State failed to show appellant's ability to make the payments.

■ The last complaint states that since the State's motion to revoke stated that appellant was placed on probation on the "28th day of June, A.D., 19721", there is a fatal variance between this impossible date pled and the proof offered at the hearing. We note that when the State offered into evidence the record showing that he had been previously placed on probation, appellant stated he had no objection. These records accurately reflect that appellant was placed on probation on June 28, 1971. Appellant has shown no injury because of this clerical error. The only question legitimately before this Court on a probation revocation proceeding is wheth-

er or not there was an abuse of discretion in the trial court. No such abuse is presented in this cause.

The judgment is affirmed.