John Benjamin KUBAT, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 47998.

Court of Criminal Appeals of Texas.

Jan. 9, 1974.

David T. Lancaster, Dallas, for appellant.

Henry Wade, Dist. Atty. and John H. Hagler, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty. and Buddy Stevens, Asst. State's Atty., Austin, for the State.

------◆------

OPINION

ROBERTS, Judge.

This is an appeal from a revocation of probation. On May 7, 1971, the appellant pled guilty to the offense of burglary and received a two-year probated sentence. On November 2, 1972, a report recommending that he be arrested as a probation violator was issued, on the ground that he had violated a restraining order issued in his pending divorce case and had thereby committed an offense against the laws. A capias commanding his arrest issued that day and appellant appears to have been arrested two days later.

On November 22, 1973, the State filed a motion to revoke. The hearing on the motion, held the same day, resulted in the revocation from which this appeal is taken.

The State's motion alleged that the appellant had violated four of the conditions of his probation as follows:

"(a) Commit no offense against the laws of this or any other State or the United States; (Subject has made threats on the life of his yet unborn child).

(b) Avoid injurious or vicious habits; (Subject has been *drinking* excessively).

(f) Work faithfully at suitable employment so far as possible; (Subject has failed to maintain steady employment).

(i) Support your dependents; (Subject has refused to support his wife and pay her doctor bills)."

The appellant contends that the evidence presented was insufficient to support a finding that appellant violated any of the above conditions. The State adopts the position that the evidence was sufficient as to the alleged violations of conditions (f) and (i), but makes no argument as to conditions (a) and (b).

As to condition (a), the evidence was clearly insufficient since that evidence which the court could consider showed, at most, that appellant had once stated "he hoped the child would die."

On the issue of appellant's excessive drinking as an injurious or vicious habit, the evidence which could be considered shows that appellant's mother-in-law observed him drink "a few beers, but not to excess around the house," and that on the occasion of his birthday, in her opinion, he was drunk. The evidence was insufficient to sustain the allegation that appellant drank excessively.

With regard to appellant's failure to maintain steady employment, the record reflects: that he had been on probation approximately eighteen months; that he had reported to probation officers fourteen

times (no complaint was made regarding the apparent failure to report); that during ten of these fourteen reports he had informed the probation office that he had changed employment; and that only two reports reflected no employment.

The appellant admitted being fired from two jobs, but stated that he left each of the others in order to obtain a higher paying one. He also testified that he had two part-time jobs at night, when he finished his regular day-time employment.

The appellant's mother-in-law testified that "he wouldn't work" and that he "felt like we needed to support him too." However, she was unable to be more specific and admitted that appellant was working at the time he left her home (appellant and his wife had, for a time, lived with the witness).

The record before us, while indicating that appellant was not a model employee, fails to show that he did not work faithfully at suitable employment as far as possible. See Rehwalt v. State, 489 S.W.2d 884 (Tex.Cr.App.1973), and cases there cited.

 As to the allegation that the appellant failed to support his wife and pay her doctor bills, the record reflects that he paid the rent on the apartment he and his wife shared and that he bought groceries. Appellant's mother-in-law testified that she had paid "around $450.00" for medicine and doctor bills. However, she also testified that she had agreed to pay these bills if appellant would pay the hospital bill arising in connection with his wife's delivery of their child.

This hospital bill was not due since, at the time of the hearing, appellant's wife had not entered the hospital. The hospital did require a deposit on the bill before appellant's wife would be admitted, and the deposit had not been paid. However, appellant testified that he had the necessary money and had offered to give it to his wife, although he had not yet done so. The record indicates that he had been in jail, awaiting the hearing, since about November 4, 1973. There was no showing that the failure to pay the hospital deposit was intentional. See Isabell v. State, 494 S.W.2d 572 (Tex.Cr.App.1973), and Szczeck v. State, 490 S.W.2d 576 (Tex.Cr. App.1973).

It is true, as the State argues, that the trial court is the sole judge, in a revocation proceeding, of the facts, the credibility of the witnesses, and the weight to be given their testimony. See Nalls v. State, 476 S.W.2d 297 (Tex.Cr.App.1972) and Maddox v. State, 466 S.W.2d 755 (Tex.Cr.App.1971). However, we are of opinion that absent the evidence which the trial court is presumed not to have considered [see Johnson v. State, 498 S.W.2d 198 (Tex.Cr.App.1973)], the remaining evidence is insufficient to support the allegations of the motion to revoke. See Rehwalt v. State, supra. There was an abuse of discretion in the entry of the order revoking appellant's probation.

The judgment is reversed and the cause remanded.