**Milton L. GRANTHAM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54009.**

Court of Criminal Appeals of Texas.

March 1, 1977.

Michael R. Gibson, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., Thomas C. Roepke, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from an order revoking probation.

On November 20, 1974, appellant entered a plea of guilty to the offense of unauthorized use of a vehicle. Punishment was assessed at ten years, probated.

On March 24, 1976, a motion to revoke appellant's probation was filed and one of the violations alleged was that on January 30, 1976, appellant "did then and there unlawfully, with intent to deprive the owner, Angelita Peregrino, of property, namely, a purse and contents therein, exercise control over and obtain such property which had a value of $8.00."

The record reflects that after a hearing on September 7, 1976, the court entered an order revoking appellant's probation, and among the court's findings was a recitation that appellant had violated his probation in the manner hereinabove set forth.

Appellant contends that the court abused its discretion in revoking his probation "because the evidence adduced by the State is insufficient to prove up the commission by appellant of an offense."

Angelita Peregrino, a student at Irvin High School in El Paso, testified that she was walking down Montana Street in El Paso en route to see her mother, who

was in the hospital, when appellant "came up to me from behind and took my purse." Peregrino related that she ". . . held on to the purse for some time and he pulled it. Well, I guess I was scared, I thought he might pull me down, hit me so I let go. As soon as I let go he started running and I ran after him screaming." The victim placed the value of the purse "around $3, $4, $5," and stated it contained "Around $8 to $10, maybe more." Peregrino further testified that she did not give appellant permission to take her purse. We find the evidence sufficient to sustain the court's finding that appellant committed the offense of theft. See V.T.C.A., Penal Code, Sec. 31.03.

Appellant contends that the court abused its discretion in revoking appellant's probation "because the State failed to plead any offense committed by appellant."

At the conclusion of the testimony at the hearing on the motion to revoke, appellant voiced the following objection to the pleading as it relates to the theft of the purse:

". . . because it does not state that he unlawfully obtained the property or that he unlawfully exercised control of it. It is a technical objection, your Honor. The drafting is in essence the complaint. We feel that it doesn't make sense. It doesn't set out any offense."

The pleadings of a motion to revoke probation need not meet the requirements of an indictment. It is enough that the pleadings give the defendant fair notice of allegations against him so that he may prepare a defense. *Figgins v. State*, Tex.Cr. App., 528 S.W.2d 261; *Fowler v. State*, Tex. Cr.App., 509 S.W.2d 871.

Further, appellant made no complaint about the pleadings until the conclusion of the evidence. He cannot be heard to complain. *Ausborne v. State*, Tex.Cr.App., 499 S.W.2d 179.

No abuse of discretion is shown in the court revoking appellant's probation.

The judgment is affirmed.

Opinion approved by the Court.

\* *Editor's Note*: The opinion of the Court of Civil Appeals of Texas, in *Risher v. Chrisman*, published in the advance sheets at this citation (547 S.W.2d 287), was withdrawn from publication by request of the Court.