**Willie Charles PEOPLES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 57599–57601.**

Court of Criminal Appeals of Texas, Panel No. 1.

June 7, 1978.

Robert S. Liddle, Dallas, for appellant.

Henry Wade, Dist. Atty., Maridell Templeton and Michael R. Gillett, Asst. Dist. Attys., Dallas, for the State.

Before TOM G. DAVIS, DALLY and W. C. DAVIS, JJ.

OPINION

W. C. DAVIS, Judge.

These are appeals from orders revoking probation. On September 17, 1976, the appellant pled guilty to the offenses of theft, V.T.C.A., Penal Code, Section 31.03(d)(4)(A), Cause # F–76–4084–P; burglary of a vehi-

cle, V.T.C.A., Penal Code, Section 30.04, Cause # F–76–6629–QP; and unauthorized use of a vehicle, V.T.C.A., Penal Code, Section 31.07, Cause # F–76–6630–QP. The trial court sentenced him to imprisonment in the Texas Department of Corrections for seven years in each case, but imposition of sentence was suspended and appellant was placed on probation. A motion to revoke probation was filed in each case on December 9, 1976, alleging that the appellant had violated his probation by committing the offense of criminal trespass, V.T.C.A., Penal Code, Section 30.05, on or about October 1, 1976. He pled true to the allegation on December 22, 1976, and the trial court revoked his probation but reduced his sentence in each case to four years imprisonment.

■ In Cause # F–76–4084–P, the theft conviction, the appellant contends that the original indictment is fundamentally defective because it does not allege any value of the stolen property. Such a contention was sustained as fundamental error in *Standley v. State*, 517 S.W.2d 538 (Tex.Cr.App.1975), wherein we quoted 30 Tex.Jur.2d, Indictment and Information, Section 38, pg. 604:

"An indictment or information should allege every fact which may affect the degree or kind of punishment. A prior conviction must be alleged where a higher penalty is sought by reason of such conviction; *the value of property must be stated where it is made the basis of punishment*; and the injury done to the owner of property must be averred where the amount of injury is an essential element in the punishment." (Emphasis supplied)

"When a conviction has been obtained under a fundamentally defective indictment, the judgment of conviction is subject to collateral attack and may be set aside on the appeal from the order revoking probation." *Davila v. State*, 547 S.W.2d 606 (Tex.Cr.App.1977); and *Huggins v. State*, 544 S.W.2d 147 (Tex.Cr.App.1976).

Accordingly, the order revoking probation in Cause # F–76–4084–P and the original judgment are reversed and the indictment is ordered dismissed.

In Cause Nos. F–76–6629–QP and F–76–6630–QP, the appellant argues that, "The motion to revoke probation is fundamentally defective in that it fails to allege all the requisite elements of the offense charged."

The offense charged as a violation of appellant's probation was criminal trespass. The complained-of language follows:

"On or about the first day of October, 1976, in Dallas County, Texas, William Charles Peoples did then and there intentionally, knowingly, and unlawfully enter a building of Bill Johnson without the effective consent of same Bill Johnson and the said (appellant) did then and there have notice not to enter said premises, . . . ."

The manner of notice, stated in the allegation, was withdrawn orally by the State prior to the court's acceptance of appellant's plea of true to each motion to revoke in each case. Subsequent to the State's motion, the record reflects:

"COURT: All right, you have talked with the counsel for the State concerning this, have you not?

"DEFENSE ATTORNEY (Mr. Liddle): Yes, Your Honor. We have no objection to the State's motion.

"COURT: All right, the language in each of the motions to revoke probation reading ' . . . ." is struck . .

All right. Now then, with this part of the allegation struck do you still enter your plea of true and ask me to accept your plea of true in each case?

"DEFENDANT: Yes, sir.

"COURT: All right. And do you recommend it also, counsel, that I accept his plea of true.

"MR. LIDDLE: Yes, Your Honor, I do.

"COURT: All right. Your plea of true is accepted in each case, the court finding that it was made freely and voluntarily, knowingly and intentionally . . ."

Counsel at trial, now counsel on appeal, in supporting his contention, states:

"It will be noted that the State in its original motion to revoke probation alleged specific notice, however, prior to the appellant's plea of true, the State by oral amendment deleted the language specifically setting out the type of notice allegedly communicated to the appellant. As such, the charging instrument at the time the plea was entered stated no offense under the Penal Code and therefore failed to support the State's motion to revoke probation."

The pleadings of a motion to revoke probation need not meet the requirements of an indictment. It is enough that the pleadings give the defendant fair notice of the allegations against him so that he may prepare a defense. *Grantham v. State*, 547 S.W.2d 286 (Tex.Cr.App.1977). We hold that the appellant was fairly apprised of the offense charged as a violation of his probation. He signed a plea of true and stipulation of evidence prior to the hearing and, after proper admonishment by the trial court, persisted in pleading true in open court. He made no complaint either at the hearing or prior thereto, and cannot, now, be heard to complain for the first time on appeal.

The orders revoking probation and judgments in Cause Nos. F–76–6629–QP and F–76–6630–QP are affirmed. The order revoking probation in Cause No. F–76–4084–P and the original judgment are reversed and the indictment is dismissed.