Larry **WAFF**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 59215.

Court of Criminal Appeals of Texas, Panel No. 1.

Oct. 11, 1978.

James O. Terrell and Dick Kettler, Waco, for appellant.

Felipe Reyna, Dist. Atty. and Russell D. Hunt, Asst. Dist. Atty., Waco, for the State.

Before ODOM, VOLLERS and W. C. DAVIS, JJ.

## OPINION

ODOM, Judge.

This is a probation revocation case.

Appellant was tried and convicted of the offense of unauthorized use of a motor vehicle and punishment assessed at five years. Imposition of sentence was suspended and probation granted on November 9, 1977. One of the conditions of his probation was that he would work faithfully at suitable employment.

On January 27, 1978, the State filed a motion to revoke probation based on a violation of this condition. Appellant was arrested on January 28, 1978, and probation was revoked on February 10, 1978, after a finding by the trial court that the evidence justified a revocation for failure to work faithfully at suitable employment. Appellant maintains that the evidence was insufficient to support such a finding.

In its motion to revoke probation the State alleges three instances of appellant's failure to work faithfully. The court revoked his probation on the basis of two of these alleged violations.

On December 21 appellant reported to the Twin Oaks Retirement Center for work. According to the testimony of the administrator of the center, appellant did not report to work the next day and was discharged for that reason when he showed up on the 23rd. Appellant testified that he had come in late on the 22nd because he overslept and was discharged then. He claimed he had never been told what his working hours were. The administrator was unable to state affirmatively that appellant had been briefed on his work hours but claimed he should have realized what they were since a work schedule was posted in a book all employees had to use to sign in and out of work. Appellant claimed never to have seen the book until the day he was fired.

Appellant was next fired from a job with a publishing company on January 24, 1978, for violating company policy. According to the record, he worked at this job for two and a half months.[1] His supervisor testified that he was fired for failing to adhere strictly to a company policy. The plant where he worked was divided into offices in front and a production department in back. Production workers, such as appellant, were forbidden to go up front except on business. Appellant was fired because it was thought he had gone up front too frequently. Appellant's supervisor testified that he had seen appellant there a couple of times without thinking anything about it and had fired him because he had been instructed to do so by an unnamed superior.

Examining the evidence in the light most favorable to the verdict, it is not possible to conclude that the State has proven by a preponderance of the evidence that appellant has failed to work faithfully at suitable employment. *Kubat v. State,* 503 S.W.2d

---

1. The State, in its brief, asserts that this has to be a mistake and that the witness must have meant 2 1/2 weeks. If true, this could have easily been cleared up at the hearing. The uncontradicted testimony, however, is that he worked there for two and a half months.

258 (Tex.Cr.App.); *Butler v. State,* 486 S.W.2d 331 (Tex.Cr.App.). This is so even though appellant did behave irresponsibly in failing to report on the second day of his first job. It can be seen that he was fired from his second job for reasons other than failure to work faithfully. There were no complaints about failure to show up or to work on that job. The witness could not say how many times appellant had gone up front and did not give any overriding justification for the policy.

The State has failed to show appellant did not work faithfully. The record does not show what appellant was doing from the time probation was granted on November 9, 1977, until his first job, as none of this was developed at the hearing. Cf. *Steed v. State,* 467 S.W.2d 460 (Tex.Cr. App.). The State has failed to show by a preponderance of the evidence that appellant did not work faithfully at suitable employment.

The order of revocation is reversed and the cause is remanded.