Basil Bert JACKSON, Jr., Appellant,

v.

STATE of Texas, Appellee.

No. 09 81 046 CR.

Court of Appeals of Texas, Beaumont.

Dec. 30, 1981.

Patrick Black, Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

OPINION

KEITH, Justice.

Appellant was indicted for felony theft; he waived a jury, pleaded guilty, stipulated to the evidence, and made a judicial confession of guilt. After hearing the evidence, the court, acting under the provisions of *Art. 42.12, § 3d, V.A.C.C.P.*, entered an order finding that the evidence substantiated appellant's guilt but deferred further proceedings without making an adjudication of guilt. Appellant was placed upon probation for a period of five years. This order was dated December 22, 1980.

A motion to revoke probation was filed on March 3, 1981, alleging six violations of the conditions of probation. After a hearing, where the court found four of the violations to be true, the court revoked probation, proceeded to an adjudication of guilt, and sentenced appellant to imprisonment for eight years.

The sole ground of error asserts that it was error for the trial court to revoke probation because "the evidence showed that on the dates of the alleged violations [of probation], appellant was insane ...." Several weeks before the hearing appellant's counsel served notice of intention to present the defense of insanity as provided in *Art. 46.03, Sec. 2, V.A.C.C.P.*[1]

Able counsel for appellant has presented a scholarly brief discussing the recently broadened insanity defense, but has not acknowledged the onerous factual burden he assumed in urging such defense in a revocation hearing. We list but a few offenses alleged to constitute grounds for revocation of probation. This assumption is consistent with appellant's first ground of error.

---

1. The notice was of an intention "to present the defense of insanity at the trial of this cause." We will assume that it was sufficient to tender the defense of incompetency at the time of the

of the many obstacles faced by an accused in relying upon the defense of insanity in a revocation hearing:

1. Such a defense must be established by the appellant by a preponderance of the evidence; and, he is presumed to be sane. *Casey v. State*, 519 S.W.2d 859, 861 (Tex.Cr. App.1975).

2. It is not necessary for the State to present expert medical evidence that a defendant is sane to refute defense experts. *Graham v. State*, 566 S.W.2d 941, 950 (Tex. Cr.App.1978).

3. The trial court's decision to proceed with an adjudication of guilt is one of absolute discretion and is not reviewable on appeal. *Williams v. State*, 592 S.W.2d 931, 932–933 (Tex.Cr.App.1979).[2]

4. The State need establish the violation only by a preponderance of the evidence. *Scamardo v. State*, 517 S.W.2d 293, 297–298 (Tex.Cr.App.1974).[3]

5. The only question legitimately before this appellate court in the review of the probation revocation is whether or not the trial court abused its discretion. *Isabell v. State*, 494 S.W.2d 572, 573–574 (Tex.Cr.App. 1973).

6. The trial judge is the sole trier of the facts, the credibility of the witnesses and the weight to be given to the testimony. *Diaz v. State*, 516 S.W.2d 154, 156 (Tex.Cr. App.1974).[4]

Bearing these rules in mind, we now address the single issue before us. Dr. George Graham, a clinical psychologist, and Dr. Charles Adkins, a neurologist and a psychiatrist, testified in behalf of the appellant. It would unduly lengthen this opinion to set out in detail the testimony given by the two experts. Each spoke of the various tests performed on appellant and the results obtained. Neither testified unequivocally that appellant was insane under the tests set out in *V.T.C.A., Penal Code, § 8.01.*[5]

Dr. Graham testified that, in his opinion, appellant "was what we call a paranoid personality" and had evidence "of organic problems." However, the witness declined to testify that appellant was insane under either of the tests set out in *Sec. 8.01.*

Dr. Adkins came closer to venturing an acceptable conclusion—that is to say, one which comports with the statute—only in answer to leading questions. He stated that "the preponderance of the evidence points to psychomotor seizure." He agreed that *if* appellant were suffering from a psychomotor disorder at the time of the incident in question, there was a probability that he would not be able to conform his actions to the law.

■ Assuming, arguendo, that such testimony raised an issue of insanity, we are not persuaded that it established legal insanity as a matter of law. *Graham v. State*, su-

---

**2.** In this instance, we determine only the factual sufficiency of the evidence to support the contention that appellant was legally insane at the time he committed the acts forming the base of the allegations of violation of the terms of the probation.

We decline appellant's invitation to reconsider the question of appellate review of the hearing in which a trial court determines to proceed with an adjudication of guilt after the entry of an order of deferred adjudication. The Court of Criminal Appeals declined such an opportunity in *Wright v. State*, 592 S.W.2d 604, 606 (Tex.Cr.App.1980). This intermediate court lacks jurisdiction to reverse the prior rulings of the Court of Criminal Appeals.

**3.** This is, "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." (517 S.W.2d at 298)

**4.** It should be borne in mind that opinion testimony does not establish material facts as a matter of law. See *Graham v. State*, supra (566 S.W.2d at 950–951), adopting, in a criminal case, the rule applicable in civil cases by quoting from *Muro v. Houston Fire & Casualty Ins. Co.*, 329 S.W.2d 326, 331 (Tex.Civ.App.— San Antonio 1959, writ ref'd n.r.e.), and cases cited therein.

**5.** That appellant, at the time of the commission of the acts charged in the motion to revoke probation, "as a result of mental disease or defect, either did not know that his conduct was wrong or was incapable of conforming his conduct to the requirements of the law he allegedly violated."

pra. We find no abuse of discretion and now affirm the judgment of the trial court.

AFFIRMED.