NO. 07-05-0074-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 20, 2006


______________________________



In re N.R., a minor


_________________________________



FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY;



NO. J-19,073; HON. W. JEANNE MEURER, PRESIDING


_______________________________



Memorandum Opinion


________________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 N.R., a juvenile, appealed from a disposition order dated November 3, 2004,
committing her to the Texas Youth Commission (TYC). The trial court so committed her
after conducting a hearing on the State's "Motion to Modify Disposition." The court had
previously adjudicated that N.R. engaged in delinquent conduct. The conduct consisted
of her attempt to steal a car. Thereafter, she was placed on probation. Believing that she
had violated one or more conditions of her probation, the State moved to modify her
disposition. N.R. admitted to violating one of the conditions, and the trial court committed
her to TYC. Before us, she questions the trial court's jurisdiction to originally adjudicate
that she engaged in delinquent conduct. And, because it purportedly lacked such
jurisdiction, the initial adjudication purportedly was void as was the order confining her to
TYC. We overrule the contention and affirm.

 According to N.R., the State was obligated to allege in its original petition the value
of the vehicle she attempted to steal, and because it did not, the pleading was defective. 
Additionally, the defect was a matter that could be raised after her probation was revoked
and she was committed to TYC, she continues. Finally, she relies upon Peoples v. State,
566 S.W.2d 640 (Tex. Crim. App. 1978) to support each contention. That case is
inapposite, however. Peoples dealt with an actual criminal prosecution and the allegations
needed to render an indictment valid. Yet, a proceeding to determine whether a juvenile
engaged in delinquent conduct (e.g. like the one here) is not fully criminal but also civil. In
re A.I., 82 S.W.3d 377, 379 (Tex. App.-Austin 2002, pet. denied). Moreover, the pleading
standards in cases like those at bar are less stringent than those applicable in an actual
criminal prosecution. In re J.B.M., 157 S.W.3d 823, 825 (Tex. App.-Fort Worth 2005, no
pet.). Indeed, the State need only allege, with reasonable particularity, the time, place, and
manner of the acts involved and the penal law or standard of conduct allegedly violated. 
Tex. Fam. Code Ann. §53.04(d) (Vernon 2002). And, if the acts and penal law involved
relate to the attempt to engage in a particular criminal act, the State need only aver "the
elements of a[] criminal attempt offense[], and need not allege the constituent elements of
the underlying offense." In re J.B.M., 157 S.W.3d at 825. 

 Here, the State asserted through its original petition that N.R. engaged in delinquent
conduct on

 January 27, 2003 . . . by then and there with the specific intent to commit the
offense of theft of a motor vehicle, without the consent of the owner, Cinthia
Venezio, did an act which amounted to more than mere preparation that
intended but failed to effect the commission of the offense by breaking the
steering column of said motor vehicle.

 

As can be seen, the underlying acts and penal offense concerned an attempt to commit
theft, as opposed to actual theft. See Tex. Pen. Code Ann. §15.01(a) (Vernon 2003)
(defining one engaged in criminal attempt as a person who, with specific intent to commit
an offense, does an act amounting to more than mere preparation that tends but fails to
effect the commission of the offense intended). Thus, the State need only have alleged the
elements of attempt, not the elements of theft, such as the value of the object to be stolen. 
Finally, the allegations it did aver were of sufficient particularity to reasonably afford N.R.
notice of the time, place and manner of the acts she undertook and the penal laws she
allegedly transgressed. It need not have complied with Peoples. 

 Accordingly, we affirm the "Order Modifying Probation Dispositional [sic] Order of
Commitment to the Texas Youth Commission." 


 Brian Quinn 

 Chief Justice 

 



d his contentions have been preserved for our
review, we must reject them on their merits, for the same reasons we rejected the same
contentions in Simmons. Id. at *2-*3. We overrule appellant's points of error three through
six, and find we have jurisdiction of his appeal.

Withdrawal of Guilty Plea and Imposition of Sentence

 In appellant's first point of error, he contends the trial court erred when it failed to
allow appellant the opportunity to withdraw his plea because the court never accepted the
plea agreement. The State responds that appellant's first point of error presents nothing
for review because the argument made was not presented to the trial court. We agree with
the State.

 Plea agreements are generally contractual arrangements between the State and
defendant. State v. Moore, 240 S.W.3d 248, 251 (Tex.Crim.App. 2007). A plea
agreement's contractual nature does not become binding, however, until the trial court
accepts the proffered agreement. Id. See also Ortiz v. State, 933 S.W.2d 102, 104
(Tex.Crim.App. 1996); Ex parte Williams, 637 S.W.2d 943, 947 (Tex.Crim.App. 1982)
(contract not operative until the court announces it will be bound by plea bargain
agreement); Hatley v. State, 206 S.W.3d 710, 718 (Tex.App.-Texarkana 2006, no pet.)
(once negotiated plea agreement is formally accepted by trial court, binding contractual
relationship exists between State and defendant). 

 Neither at the September 2004 plea hearing nor the May 2007 sentencing hearing
did appellant assert the court had never announced its acceptance of the plea bargain
agreement. At the sentencing hearing, appellant argued he had not breached the
agreement by committing additional offenses before being called to testify in the other
defendants' trials. (6) There was no suggestion the plea agreement was not binding because
the court had not accepted it. Arguments made on appeal must comport with those made
at trial. See Lanum v. State, 952 S.W.2d 36, 40 (Tex.App.-San Antonio 1997, no pet.). 

 Moreover, even had the point of error been preserved, we could not agree with
appellant's contention. The signed plea bargain agreement was received into evidence at
the plea hearing in September 2004, and appears in the appellate record along with other
plea papers signed at that time, including written admonishments and appellant's written
waivers of rights and judicial confession. Cf. Dorsey v. State, 55 S.W.3d 227, 232-33
(Tex.App.-Corpus Christi 2001, no pet.), discussed in Moore, 240 S.W.3d at 251 (noting
purported plea agreement in Dorsey was never filed with trial court and parties said at plea
hearing there was no agreement). The record also reflects that, at the time of appellant's
guilty plea, the court inquired whether appellant understood the documents he had signed
and the terms of the plea agreement. Appellant answered affirmatively in open court.

 At the May 2007 sentencing hearing, the court stated it had conversations with both
parties off the record concerning the "terms of the plea agreement that was filed" and noted
that the "agreement will be part of the court's record." The court went on to find appellant
had violated terms of his plea agreement. (7) In sentencing appellant to ten years of
confinement, the court stated it was "relying on paragraph 2 of page 2 [of the written
agreement] and that is I'm still within the parameters of the plea bargain based on his
signed terms of the plea bargain agreement. Originally the recommendation was for five
years. I am going to sentence him to ten years confinement TDC, finding him guilty of
evading arrest with a motor vehicle as an enhanced offense." 

 In its findings entered on our remand, the trial court found it "did not reject the plea
bargain agreement nor refuse to be bound by it under [article 26.13(2) of the Code of
Criminal Procedure]." By its finding, the court implicitly found it had accepted the plea
agreement. The records of both the 2004 plea hearing and the May 2007 sentencing
hearing support the court's implicit finding. 

 Appellant does not dispute that he knowingly and voluntarily agreed to the plea
agreement. The record shows the trial court reviewed the terms of the plea agreement,
discussed them in open court, and accepted the plea at the initial plea hearing held in
2004. A copy of the plea agreement was entered into evidence. The trial court again
indicated its acceptance of the plea agreement at the sentencing hearing. The court
accepted appellant's guilty plea, found him guilty, and sentenced him within the parameters
of the plea agreement. See Moore, 240 S.W.3d at 254, citing Dorsey, 55 S.W.3d at 232.

 We overrule appellant's first point of error.

Terms of Agreement

 By his second point of error, as an alternative argument appellant asserts the terms
of the plea agreement required the court to allow appellant the opportunity to withdraw his
plea. We disagree, and overrule the point.

 In its findings entered on remand, the trial court found it followed the terms of the
plea agreement in sentencing. We agree with the trial court's reading of the agreement.
As noted, the State informed the trial court appellant had not fulfilled his obligations under
the agreement and, under its express terms, his failure to do so caused "the agreement
as to disposition" in the case to be "voided and withdrawn, and [appellant to] be subject to
the full range of punishment." Under the language of the agreement, and on these facts,
the trial court opined appellant did not have the right to withdraw his guilty plea, and we
agree. See Moore, 240 S.W.3d at 253-54 (construing and finding plea agreement
enforcible). 


 Finding no error, we affirm the judgment of the trial court.


 James T. Campbell

 Justice




Do not publish.



Pirtle, J., concurring and dissenting. 

 



 

1. See Tex. Penal Code Ann. § 38.04(b)(2)(A) (Vernon 2001). This is a felony of the
third degree punishable by imprisonment for any term of not more than 10 years or less
than 2 years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.34 (Vernon
2003). 
2. In return, the State recommended a five-year probated sentence. 
3. Paragraph 2 of the State's agreement with appellant states: 


 Should Jaime Trevino fail to fulfill his obligations under this Agreement, as
determined by the State, the State will inform the Court of such failure, the
agreement as to the disposition in this case will be voided and withdrawn,
and the said Jaime Trevino will be subject to the full range of punishment for
the offense of Evading Detention with a Vehicle-Enhanced. 
4. " 
 
" ' § ' 
 
5. " 
 
 " ' § 
6. ' 
 
 " 
---- "
7. 
 '