NO. 07-05-0074-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 20, 2006
_____

In re N.R., a minor
_____

FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY;

NO. J-19,073; HON. W. JEANNE MEURER, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

N.R., a juvenile, appealed from a disposition order dated November 3, 2004, committing her to the Texas Youth Commission (TYC). The trial court so committed her after conducting a hearing on the State's "Motion to Modify Disposition." The court had previously adjudicated that N.R. engaged in delinquent conduct. The conduct consisted of her attempt to steal a car. Thereafter, she was placed on probation. Believing that she had violated one or more conditions of her probation, the State moved to modify her disposition. N.R. admitted to violating one of the conditions, and the trial court committed her to TYC. Before us, she questions the trial court's jurisdiction to originally adjudicate that she engaged in delinquent conduct. And, because it purportedly lacked such

jurisdiction, the initial adjudication purportedly was void as was the order confining her to TYC. We overrule the contention and affirm.

According to N.R., the State was obligated to allege in its original petition the value of the vehicle she attempted to steal, and because it did not, the pleading was defective. Additionally, the defect was a matter that could be raised after her probation was revoked and she was committed to TYC, she continues. Finally, she relies upon *Peoples v. State*, 566 S.W.2d 640 (Tex. Crim. App. 1978) to support each contention. That case is inapposite, however. *Peoples* dealt with an actual criminal prosecution and the allegations needed to render an *indictment* valid. Yet, a proceeding to determine whether a juvenile engaged in delinquent conduct (*e.g.* like the one here) is not fully criminal but also civil. *In re A.I.,* 82 S.W.3d 377, 379 (Tex. App.–Austin 2002, pet. denied). Moreover, the pleading standards in cases like those at bar are less stringent than those applicable in an actual criminal prosecution. *In re J.B.M.*, 157 S.W.3d 823, 825 (Tex. App.–Fort Worth 2005, no pet.). Indeed, the State need only allege, with reasonable particularity, the time, place, and manner of the acts involved and the penal law or standard of conduct allegedly violated. TEX. FAM. CODE ANN. §53.04(d) (Vernon 2002). And, if the acts and penal law involved relate to the *attempt* to engage in a particular criminal act, the State need only aver "the elements of a[] criminal attempt offense[], and need not allege the constituent elements of the underlying offense." *In re J.B.M.,* 157 S.W.3d at 825.

Here, the State asserted through its original petition that N.R. engaged in delinquent conduct on

> January 27, 2003 . . . by then and there with the specific intent to commit the offense of theft of a motor vehicle, without the consent of the owner, Cinthia Venezio, did an act which amounted to more than mere preparation that

2

intended but failed to effect the commission of the offense by breaking the steering column of said motor vehicle.

As can be seen, the underlying acts and penal offense concerned an attempt to commit theft, as opposed to actual theft. *See* TEX. PEN. CODE ANN. *§*15.01(a) (Vernon 2003) (defining one engaged in criminal attempt as a person who, with specific intent to commit an offense, does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended). Thus, the State need only have alleged the elements of attempt, not the elements of theft, such as the value of the object to be stolen. Finally, the allegations it did aver were of sufficient particularity to reasonably afford N.R. notice of the time, place and manner of the acts she undertook and the penal laws she allegedly transgressed. It need not have complied with *Peoples*.

Accordingly, we affirm the "Order Modifying Probation Dispositional [sic] Order of Commitment to the Texas Youth Commission."


Brian Quinn
Chief Justice

3