ACCEPTED
12-14-00225-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
2/23/2015 11:41:44 PM
CATHY LUSK
CLERK

# NUMBER 12-14-00225-CR

## IN THE TWELFTH DISTRICT COURT OF APPEALS
## TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
2/23/2015 11:41:44 PM
CATHY S. LUSK
Clerk

### FATIMA RAHMAN,
**Appellant**

**v.**

### THE STATE OF TEXAS,
**Appellee**

From the 114th District Court of Smith County, Texas
Trial Cause Number 114-1451-10

## STATE'S BRIEF

## ORAL ARGUMENT NOT REQUESTED

**D. MATT BINGHAM**
Criminal District Attorney
Smith County, Texas

**AARON REDIKER**
Assistant District Attorney
State Bar of Texas Number 24046692
Smith County Courthouse, 4th Floor
Tyler, Texas 75702
Phone:  (903) 590-1720
Fax:  (903) 590-1719
Email: arediker@smith-county.com

# TABLE OF CONTENTS

Index of Authorities.................................................................................................2

Statement of Facts ...............................................................................................3

Summary of Argument...........................................................................................4

Standard of Review...............................................................................................4

**I.Issue One**:   Appellant waived any error in the imposition of appointed attorney fees as court costs by failing to raise the issue on direct appeal from the order originally placing her on community supervision. ...............................4
Argument.............................................................................................................4

**II.Issues Two and Three**:   By failing raise the alleged defect in the State's application to revoke her community supervision in a timely motion to quash, appellant failed to preserve any error for review................................................6
Argument.............................................................................................................6

Certificate of Compliance.......................................................................................9

Certificate of Service ............................................................................................9

# INDEX OF AUTHORITIES

**Texas Cases**

*Flournoy v. State*, 589 S.W.2d 705 (Tex. Crim. App. 1979)............................................ 4

*Fuller v. State*, 253 S.W.3d 220 (Tex. Crim. App. 2008) ................................................. 7

*Gibson v. State*, 516 S.W.2d 406 (Tex. Crim. App. 1974) ............................................... 7

*Gordon v. State*, 575 S.W.2d 529 (Tex. Crim. App. 1978) ............................................... 8

*Grantham v. State*, 547 S.W.2d 286 (Tex. Crim. App. 1977) .......................................... 8

*Guinn v. State*, 163 Tex. Crim. 181 (Tex. Crim. App. 1956) ........................................... 7

*Isabell v. State*, 494 S.W.2d 572 (Tex. Crim. App. 1973)................................................. 4

*Kinard v. State*, 477 S.W.2d 896 (Tex. Crim. App. 1972) ............................................... 7

*Labelle v. State*, 720 S.W.2d 101 (Tex. Crim. App. 1986) ............................................... 7

*Manuel v. State*, 994 S.W.2d 658 (Tex. Crim. App. 1999)............................................... 5

*Martinez v. State*, 493 S.W.2d 954 (Tex. Crim. App. 1973) ........................................... 7

*Peoples v. State*, 566 S.W.2d 640 (Tex. Crim. App. 1978)............................................... 8

*Rodriguez v. State*, 951 S.W.2d 199 (Tex. App.—Corpus Christi 1997, no pet.).... 8

*Spruill v. State*, 382 S.W.3d 518 (Tex. App.—Austin 2012, no pet.) .......................... 7

*Vance v. State*, 485 S.W.2d 580 (Tex. Crim. App. 1972)................................................. 8

*Wiley v. State*, 410 S.W.3d 313 (Tex. Crim. App. 2013) ................................................. 6

**Texas Rules**

Tex. R. App. P. 33.1(a)........................................................................................................ 7

**NUMBER 12-14-00225-CR**

---

**IN THE TWELFTH DISTRICT COURT OF APPEALS**
**TYLER, TEXAS**

---

**FATIMA RAHMAN,**
**Appellant**

**v.**

**THE STATE OF TEXAS,**
**Appellee**

From the 114th District Court of Smith County, Texas
Trial Cause Number 114-1451-10

---

# STATE'S BRIEF

---

TO THE HONORABLE COURT OF APPEALS:

Comes now the State of Texas, by and through the undersigned Assistant Criminal District Attorney, respectfully requesting that this Court overrule appellant's alleged issues and affirm the judgment of the trial court in the above-captioned cause.

## STATEMENT OF FACTS

Appellant has stated the essential nature of the proceedings and the evidence presented at trial (Appellant's Br. 3-4). In the interest of judicial economy, any other

3

facts not mentioned therein that may be relevant to the disposition of appellant's issues will be discussed in the State's arguments in response.

## SUMMARY OF ARGUMENT

Appellant has failed to preserve any error for review in all three of her alleged issues, as she did not raise the erroneous assessment of appointed attorney fees as court costs on direct appeal from the original order imposing community supervision, and she did not raise the defect in the application to revoke through a timely motion to quash.

## STANDARD OF REVIEW

"The only question legitimately before this Court on a probation revocation proceeding is whether or not there was an abuse of discretion in the trial court," *Flournoy v. State*, 589 S.W.2d 705, 709 (Tex. Crim. App. 1979) (quoting *Isabell v. State*, 494 S.W.2d 572, 573-574 (Tex. Crim. App. 1973)).

**I. ISSUE ONE**: Appellant waived any error in the imposition of appointed attorney fees as court costs by failing to raise the issue on direct appeal from the order originally placing her on community supervision.

### ARGUMENT

In her first issue, appellant argues that the trial court abused its discretion by imposing appointed attorney fees as court costs and that the Smith County District

4

Clerk erred by including these fees in the itemized bill of costs (Appellant's Br. 6-11). "[A] defendant placed on 'regular' community supervision may raise issues relating to the conviction, such as evidentiary sufficiency, only in appeals taken when community supervision is originally imposed. That is, such issues may not be raised in appeals filed after 'regular' community supervision is revoked." *Manuel v. State*, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999) (citations omitted).

After appellant entered a negotiated plea of "guilty" to the charge of felony driving while intoxicated, the trial court found her guilty of the offense as charged in the indictment, sentenced her to confinement for ten years in the Texas Department of Criminal Justice—Institutional Division, suspended the sentence for a term of seven years under numerous conditions of supervision, and ordered appellant to pay court costs in the amount of $694.00 (Clerk's R. at 19-24). On 23 July 2014, the trial court entered its judgment revoking appellant's community supervision and sentencing her to confinement for five years (*Id*. at 68-70). Neither the judgment nor the withdrawal order reflects the imposition of any court costs against appellant following the revocation of her community supervision (*Id*.). Further, the itemized bill of costs prepared by the Smith County District Clerk after appellant's revocation, showing total costs in the amount of $394.00 and a $0.00 balance, does not list attorney fees among the court costs assessed (*Id*. at 75). If any appointed attorney fees were assessed

against appellant at the time she was initially placed on community supervision, appellant forfeited the error by failing to raise it on direct appeal of the original order imposing community supervision. *Wiley v. State*, 410 S.W.3d 313, 318 (Tex. Crim. App. 2013). As appellant failed to preserve the error of which she now complains for the first time, on appeal from the revocation of her supervision, her first issue should be overruled. *Id.*

**II. ISSUES TWO AND THREE**: By failing raise the alleged defect in the State's application to revoke her community supervision in a timely motion to quash, appellant failed to preserve any error for review.

### ARGUMENT

In her second and third issues, appellant argues that the trial court abused its discretion in revoking appellant's community supervision based on an unsigned application to revoke (Appellant's Br. 12-15). Appellant's supervision officer signed the application, which was filed on 8 July 2014, but not the prosecutor (Clerk's R. at 62). However, appellant did not file a motion to quash the application to revoke based on this defect, object at the revocation hearing, or file a motion for new trial. Texas Rule of Appellate Procedure 33.1 provides in pertinent part that, "[a]s a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with

6

sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and . . . the trial court ruled on the request, objection, or motion, either expressly or implicitly; or refused to rule on the request, objection, or motion, and the complaining party objected to the refusal." Tex. R. App. P. 33.1(a). "It has repeatedly been held that even constitutional guarantees can be waived by failure to object properly at trial." *Gibson v. State*, 516 S.W.2d 406, 409 (Tex. Crim. App. 1974). "Failure to preserve error at trial forfeits the later assertion of that error on appeal. In fact, almost all error - even constitutional error - may be forfeited if the appellant failed to object." *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008).

Not surprisingly then, the sufficiency of a motion to revoke community supervision may not generally be challenged for the first time on appeal. *Martinez v. State*, 493 S.W.2d 954, 955 (Tex. Crim. App. 1973); *Kinard v. State*, 477 S.W.2d 896, 897-898 (Tex. Crim. App. 1972); *Guinn v. State*, 163 Tex. Crim. 181 (Tex. Crim. App. 1956). While jurisdictional defects may be raised at any time, "motions to revoke probation do not invoke the jurisdiction of the court, as do indictments or informations; rather, revocation jurisdiction is retained by the trial court in which the defendant was granted probation." *Labelle v. State*, 720 S.W.2d 101, 106 (Tex. Crim. App. 1986). *See also Spruill v. State*, 382 S.W.3d 518, 520-22 (Tex. App.—Austin 2012, no pet.)

(revocation of regular community supervision affirmed even though trial court had proceeded on wrongly titled "Motion to Proceed with an Adjudication of Guilt"). Thus, "[t]he pleadings of a motion to revoke probation need not meet the requirements of an indictment. It is enough that the pleadings give the defendant fair notice of the allegations against him so that he may prepare a defense." *Peoples v. State*, 566 S.W.2d 640, 642 (Tex. Crim. App. 1978) (citing *Grantham v. State*, 547 S.W.2d 286 (Tex. Crim. App. 1977)). Therefore, as no jurisdictional issue is involved and appellant did not timely raise the defect in a motion to quash the application to revoke, she has failed to preserve any error for review, and her second and third issues should be overruled. *Gordon v. State*, 575 S.W.2d 529, 531 (Tex. Crim. App. 1978); *Vance v. State*, 485 S.W.2d 580, 582 (Tex. Crim. App. 1972); *Rodriguez v. State*, 951 S.W.2d 199, 204 (Tex. App.—Corpus Christi 1997, no pet.).

PRAYER

WHEREFORE, PREMISES CONSIDERED, the State of Texas prays that the Court overrule appellant's alleged issues and affirm the judgment of the 114th District Court of Smith County, Texas, in the above-captioned cause.

Respectfully submitted,

D. MATT BINGHAM
Criminal District Attorney
Smith County, Texas

/s/ Aaron Rediker
Aaron Rediker
Assistant District Attorney
SBOT #: 24046692
100 North Broadway, 4th Floor
Tyler, Texas 75702
Office: (903) 590-1720
Fax: (903) 590-1719 (fax)
arediker@smith-county.com

**CERTIFICATE OF COMPLIANCE**

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), the undersigned attorney certifies that the word count for this document is 1,216 words as calculated by Microsoft Word 2013.

/s/ Aaron Rediker
Aaron Rediker

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 23rd day of February 2015, the State's Brief in the above-numbered cause has been electronically filed, and a legible copy of

the State's Brief has been sent by email to James W. Huggler Jr., attorney for appellant, at jhugglerlaw@sbcglobal.net.

/s/ Aaron Rediker
Aaron Rediker