**AFFIRMED and Opinion Filed October 12, 2022**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-21-00949-CR**

**TRUMAN KEVIN SLOAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 354th District Court**
**Hunt County, Texas**
**Trial Court Cause No. 30081CR**

# MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Goldstein
Opinion by Justice Schenck

Truman Kevin Sloan appeals from the revocation of his deferred adjudication community supervision. We affirm the trial court's judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

Appellant was indicted for the offense of assault causing bodily injury family violence. Pursuant to a plea agreement, appellant pleaded guilty to the charged offense enhanced to punishment as a second degree felony. Appellant was placed on deferred adjudication community supervision for 10 years. After at least

two intervening sanctions for violations of the terms of community supervision, including an order confining appellant to Texas Substance Abuse Felony Punishment (SAFP) facility for drug rehabilitation, the State moved to revoke deferred adjudication community supervision alleging six violations of the terms of community supervision, including an allegation of a new assault involving family violence.[1]

At the revocation hearing, appellant entered pleas of "true" to all of the alleged violations. At the sentencing portion of the hearing, the State called one of the community supervision officers assigned to appellant's case to testify about the most recent assault and to establish appellant committed the new offense less than a month after he was released from all phases of the SAFP program. The community supervision officer indicated that because appellant had previously been to SAFP, that he had committed new offenses, and he had a failure report, the State was not recommending that appellant be sent back to SAFP. The State also introduced into evidence an order of deferred adjudication entered by a district court regarding the new assault. Appellant testified he believed he would benefit from another stay at SAFP because his life and behavior improved from his first time there and most of his problems stemmed from drug and alcohol issues. Appellant claimed he had been released from SAFP almost 10 months prior to

---

[1] The other alleged violations were use of marijuana, methamphetamines and alcohol immediately following his release from SAFP, failure to report to the probation department, and failure to pay a supervision fee.

committing the new assault. Appellant admitted to a total of four separate assault family violence incidents. Appellant's sister testified as to appellant's character indicating he was a good man when he was not on drugs and that she saw improvement in him after he completed SAFP.

The trial court adjudicated appellant guilty of the third degree felony offense of assault causing bodily injury family violence enhanced punishable as a second degree felony, revoked his community supervision and sentenced him to 20 year's confinement.

## DISCUSSION

Appellant's appointed counsel filed an *Anders* brief and motion to withdraw as counsel stating that he diligently reviewed the entire appellate record and that, in his opinion, there are no meritorious issues on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no non-frivolous grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, an appeal from the judgment and sentence is without merit and frivolous because the record reflects no reversible error and, in his opinion, there are no grounds upon which an appeal can be predicated.

A community service revocation proceeding is neither a criminal nor a civil trial, but rather an administrative hearing. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). In the revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Id.* The abuse of discretion standard of review applies to revocation proceedings. *Isabell v. State*, 494 S.W.2d 572, 573–74 (Tex. Crim. App. 1973). And the scope of review is limited to the revocation proceeding and the evidence is viewed in the light most favorable to the trial court's ruling. *Cobb*, 851 S.W.2d at 873; *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).

Counsel specifically noted, from his review of the following, that he found no issues presented for review (1) appellants statements and testimony through which he admitting committing six violations of the terms of his deferred adjudication community supervision as alleged by the State in its motion to revoke;[2] (2) evidentiary rulings;[3] and (3) the judgment and sentence.[4] In addition, counsel reviewed the performance of trial counsel and concluded the record does not reflect appellant received ineffective assistance of counsel.

---

[2] The record establishes appellant's pleas of "true" to the alleged violations of the terms and conditions of his deferred adjudication community supervision were made voluntarily without compulsion or persuasion.

[3] Nothing in the record indicates any of the State's evidence was inadmissible.

[4] The judgment reflects the trial court's ruling. The sentence of 20 years confinement is within the range of punishment of the underlying offense as enhanced. TEX. PENAL CODE ANN. §§ 12.33(a); 12.42(a); 22.01(b)(2)(A).

Counsel delivered a copy of the brief to appellant, and by letter dated February 9, 2022, we advised appellant of his right to file a pro se response by March 11, 2022. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (noting appellant has right to file *pro se* response to *Anders* brief filed by counsel). We advised appellant that failure to file a pro se response by that date would result in the case being submitted on the *Anders* brief alone. On April 6, 2022 we extended the deadline for appellant to file a pro se response to June 10, 2022. Appellant did not file a response.

Upon receiving the *Anders* brief, this Court conducted a full examination of all proceedings to determine whether the case is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988). Having now reviewed the entire record and counsel's brief, we find nothing that would arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). Accordingly, we affirm the trial court's judgment.

Also, in accordance with *Anders*, counsel has filed a motion to withdraw from the case. *See Anders*, 386 U.S. at 744; *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous."). We grant

counsel's motion to withdraw.  Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise appellant of his right to pursue a petition for review.  *See* TEX. R. APP. P. 48.4.

## CONCLUSION

We affirm the trial court's judgment.


/David J. Schenck/
DAVID J. SCHENCK
JUSTICE


DO NOT PUBLISH
TEX. R. APP. P. 47

210949F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

TRUMAN KEVIN SLOAN,
Appellant

No. 05-21-00949-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th District
Court, Hunt County, Texas
Trial Court Cause No. 30081CR.
Opinion delivered by Justice Schenck.
Justices Reichek and Goldstein
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 12th day of October, 2022.